

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00332-CV

CHILDRESS ENGINEERING          APPELLANT
SERVICES, INC.

V.

NATIONWIDE MUTUAL          APPELLEE
INSURANCE COMPANY, AS
SUBROGEE TO MERITAGE
HOMES OF TEXAS, L.L.C.

------------

### FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 067-264677-13

------------

## OPINION

------------

Meritage Homes of Texas, L.L.C., a homebuilder, and appellant Childress Engineering Services, Inc. (CES) entered a contract for CES to provide design and engineering specifications for home foundations; the contract contained an indemnity clause. Meritage asked CES to indemnify or defend it after a

homebuyer sued Meritage for negligence, gross negligence, breach of contract, breach of warranty, violations of the deceptive trade practices act, fraud, fraud in the inducement, and fraud in a real estate transaction based on an allegedly defective foundation. CES refused.[1]

Meritage and the homebuyer ultimately settled, but while the homebuyer's suit remained pending in the 48th District Court of Tarrant County, appellee Nationwide Mutual Insurance Company, as Meritage's subrogee,[2] filed a separate suit in the 67th District Court of Tarrant County against CES for breach of contract for failing to defend and indemnify Meritage and seeking as damages the defense costs, litigation expenses, attorneys' fees, and settlement sums paid on Meritage's behalf in connection with the homebuyer's claim, as well as all of its attorneys' fees and costs associated with bringing the new action.[3]

On August 6, 2014, CES moved to dismiss Nationwide's suit, arguing that this was an action arising out of the provision of service by a licensed or registered professional and therefore required a certificate of merit under civil

---

[1]CES sent Meritage a letter on April 26, 2011, declining to indemnify or defend Meritage in response to Meritage's demand letters and informing Meritage that Meritage would have to furnish a certificate of merit if it elected to add CES as a party.

[2]In 2007, Nationwide issued a general liability insurance policy that covered Meritage as an additional insured.

[3]Meritage and Tealstone Concrete, Inc. contracted for Tealstone to build home foundations; this contract also contained an indemnity clause. In its lawsuit against CES, Nationwide also sued Tealstone; Tealstone settled with Nationwide.

practice and remedies code section 150.002. The trial court denied the motion after a hearing, and CES brought this accelerated interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(f) (West 2011).

In two issues, CES argues that Nationwide had to file a certificate of merit to proceed with its suit because a claim for indemnity is not excluded from civil practice and remedies code section 150.002, that the core of Nationwide's claim is based in tort because of the professional services CES rendered under its subcontract with Meritage, and that the trial court therefore abused its discretion by denying CES's motion to dismiss. Nationwide responds that chapter 150 was never intended to apply to contractual indemnity claims and that whether an indemnity provision is enforceable is a question of law for which a certificate of merit is unnecessary.

Civil practice and remedies code section 150.002(a) provides that "*[i]n any action . . . for damages arising out of the provision of professional services* by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor" who is competent to testify, holds the same professional license or registration as the defendant, is knowledgeable in the defendant's area of practice, and offers testimony based on his or her knowledge, skill, experience,

3

education, training, and practice. *Id.* § 150.002(a) (emphasis added).[4] The affidavit has to set forth specifically, for each theory of recovery for which damages are sought, "the negligence, if any, or other action, error, or omission *of the licensed or registered professional in providing the professional service*." *Id.* § 150.002(b) (emphasis added). The professional service at issue here is engineering services. *See TDIndustries, Inc. v. Citicorp N. Am. Inc.*, 378 S.W.3d 1, 5 (Tex. App.—Fort Worth 2011, no pet.) (referring to the occupation code's definition of the practice of engineering to determine what the "provision of professional [engineering] services" means).[5]

---

[4]On July 3, 2014, the supreme court, on facts virtually identical to the case before us, concluded that section 150.002(a)'s certificate-of-merit requirement does not apply to a defendant or third-party defendant who files a third-party claim or cross-claim against a licensed or registered professional because they are not "the plaintiff" in the action. *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 558–59, 565, 571 (Tex. 2014). That is, the statute specifically requires "the plaintiff" to file a supporting expert affidavit "with the complaint," and because Comet was not the party who had initiated suit, it was not a "plaintiff" under the statute's meaning. *Id.* Here, however, Meritage did not opt to file a third-party claim or cross-claim against CES in the homebuyer's lawsuit; instead, Nationwide instituted suit as a plaintiff against CES. Therefore, we must address whether a certificate of merit is required under section 150.002 when the subrogee is a plaintiff suing a licensed professional for indemnity under a contract.

[5]The occupations code defines "practice of engineering" as "the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." Tex. Occ. Code Ann. § 1001.003(b) (West 2012). The practice of engineering includes, among other services, "design, conceptual design, or conceptual design coordination of engineering works or systems." *Id.* § 1001.003(c)(2). An engineer is responsible for engineering plans and

4

While we review a trial court's ruling on a motion to dismiss for an abuse of discretion, statutory construction is a question of law that we review de novo. *Parker Cnty. Veterinary Clinic, Inc. v. GSBS Batenhorst, Inc.*, No. 02-08-380-CV, 2009 WL 3938051, at *1–2 (Tex. App.—Fort Worth Nov. 19, 2009, no pet.) (mem. op.) (citing *Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.)).

Additionally, we are not bound by the labels used by the parties with regard to their claims; rather, we look to the pleadings to determine for ourselves what claims have been asserted, considering the source of the duty owed to the plaintiff and the nature of the remedy sought by the plaintiff. *Id.* at *3; *see also TDIndustries*, 378 S.W.3d at 6 (stating that section 150.002 contemplates determining whether a certificate of merit is required when the claim is filed). With regard to the source of a duty, generally, an action in contract is one for the breach of an express or implied duty arising out of a contract while an action in tort is for a breach of a duty imposed by law. *GSBS*, 2009 WL 3938051, at *3. And when the only loss or damage is to a contract's subject matter, a plaintiff's action is ordinarily on the contract. *Id.* at *4. "When determining whether an action arises out of the provision of professional services, the issue is not whether *the alleged tortious acts* constituted the provision of professional

---

specifications, which includes foundation design. *Id.* § 1001.0031(c)(3) (West 2012).

services, but rather whether *the tort claims* arise out of the provision of professional services." *Found. Assessment, Inc. v. O'Connor*, 426 S.W.3d 827, 834 (Tex. App.—Fort Worth 2014, pet. denied) ("[T]he certificate of merit must state any action *or omission* in providing the professional service.").

We held in *GSBS*, under the 2005 version of the statute,[6] that section 150.002 does not apply in a suit other than one for negligence arising out of the provision of professional services. 2009 WL 3938051, at *3. In *GSBS*, a veterinary clinic sued GSBS, an architectural firm, for breach of contract regarding GSBS's building plans' failure to comply with city legal requirements. *Id.* at *1. GSBS moved to dismiss the claim because the clinic did not file a certificate of merit, and the trial court granted the motion. *Id.* We concluded that the trial court abused its discretion by granting the motion because the clinic sued GSBS for breach of the specific provision of the contract that provided that GSBS would research and apply local and state codes and city ordinances, and the clinic sought only damages for economic loss directly related to the contract's

---

[6]The 2005 version of the statute replaced "alleging professional negligence" with "arising out of the provision of professional services." *See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, sec. 150.002(a), 2005 Tex. Gen Laws 369, 370 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (West 2011)). The 2009 version did not alter this section of the 2005 statute. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, sec. 150.002, 2009 Tex. Gen. Laws 1991, 1992. In 2009, the legislature added to the affidavit requirements in section 150.002(b), replacing its requirement to set forth specifically "at least one negligent act, error, or omission," with, "for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill." *Id.*

6

subject matter.  *Id.* at \*1, \*4–5 (distinguishing *Averitt v. PriceWaterhouseCoopers L.L.P.*, 89 S.W.3d 330, 332–35 (Tex. App.—Fort Worth 2002, no pet.), in which the contract merely served as the foundation for Averitt's right to enjoy the benefits of a duty imposed by law—the degree of care applicable to accountants—and there was no asserted breach of a specific provision of the parties' contract).

As CES does here, GSBS argued that a certificate of merit would be necessary for the trial court to determine if the clinic's claim had merit because such expertise was necessary to establish whether it failed to adequately perform under the contract.  *Id.* at \*6.  However, we stated in *GSBS* that while this scenario might present a fact issue at trial, testimony about breach of a standard of care would serve no relevant purpose beforehand because "[a] trial court is perfectly capable of determining whether the contract required [GSBS] to apply the law in its design," whether the law prohibited the use of the system proposed by GSBS, and whether the design included the system.  *Id.* (concluding that a certificate of merit would not be required for the trial court to determine if the contract claim had merit); *cf. Found. Assessment*, 426 S.W.3d at 834–35 (affirming dismissal when appellee alleged that appellants had fraudulently stated in their engineering reports that they inspected the site and their provision of the reports constituted provision of professional services); *Capital One v. Carter & Burgess, Inc.*, 344 S.W.3d 477, 481–83 (Tex. App.—Fort Worth 2011, no pet.) (affirming dismissal when appellant's claims for negligent misrepresentation,

7

statutory fraud, and aiding and abetting fraud were all recharacterized claims for negligence arising out of the provision of professional services by a licensed or registered professional).

> The Meritage-CES contract contained the following indemnity clause:

> INDEMNIFICATION. [CES] shall fully protect, indemnify and defend [Meritage] and hold [Meritage] harmless from and against any and all claims, demands, liens, damages, causes of actions, liabilities of any and every nature whatsoever, losses and expenses, including but not limited to personal injury, property damage, attorneys' fees and court costs, arising in any manner, directly or indirectly, out of or in connection with or in the course of or incidental to any of [CES'] work and obligations as provided in the Subcontract Agreement, including any extra work, REGARDLESS OF CAUSE OR ANY FAULT OR NEGLIGENCE OF [MERITAGE] OR ITS AGENTS, OFFICERS OR EMPLOYEES AND WITHOUT REGARD OF CAUSES OR OF ANY CONCURRENT OR CONTRIBUTING FAULT OR NEGLIGENCE, WHETHER SOLE, JOINT OR CONCURRENT, ACTIVE OR PASSIVE BY [MERITAGE].

Nationwide sued CES for breach of contract based on this indemnity clause, seeking damages provided under the clause. Like in *GSBS*, the trial court here is equipped to determine the indemnity clause's viability as a matter of law and to interpret it without requiring recourse to an expert's report. *See* 2009 WL 3938051, at *6; *see also Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 214 (Tex. 2011) (op. on reh'g) (stating that when the parties do not raise ambiguity, the interpretation of a contract is a question of law); *Storage & Processors, Inc. v. Reyes*, 134 S.W.3d 190, 192 (Tex. 2004) (setting out fair notice requirements); *Expro Ams., LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 927 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("Whether

8

an indemnity provision complies with the fair-notice requirements is a question of law, and an indemnity provision that fails to satisfy the requirements is unenforceable as a matter of law."). Further, the alleged error resulting in the breach of contract claim was CES's failure to comply with a contractual obligation, not a specific act, error, or omission performed in its provision of engineering services. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) (requiring expert's affidavit to set forth specifically for each theory of recovery the negligence, other act, error, or omission of the licensed or registered professional in providing the professional service); *TDIndustries*, 378 S.W.3d at 5 (stating that based on the occupation code's definitions and former section 150.002(a)'s plain language, a claim for damages asserted against a professional engineer arises out of the provision of professional services and requires a certificate of merit if the claim implicates the engineer's education, training, and experience in applying special knowledge or judgment).

Under the circumstances presented here, we conclude that the trial court did not abuse its discretion by denying the motion to dismiss, we affirm the trial court's order, and we remand this case to the trial court for further proceedings.

/s/ Dixon W. Holman

DIXON W. HOLMAN
JUSTICE

PANEL: WALKER and MEIER, JJ.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

DELIVERED: February 12, 2015

9