

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00109-CV

CHILDRESS ENGINEERING SERVICES, INC.

APPELLANT

V.

NATIONWIDE MUTUAL INSURANCE COMPANY, AS SUBROGEE TO MERITAGE HOMES OF TEXAS, L.L.C.

APPELLEE

----------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 067-264677-13

----------

### MEMORANDUM OPINION[1]

----------

In three issues, Appellant Childress Engineering Services, Inc. (Childress) appeals the trial court's grant of Appellee Nationwide Mutual Insurance Company's (Nationwide) motion for summary judgment. We reverse.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

This suit arises from allegations of a faulty foundation constructed in Lindsay Kirk's home. Kirk entered into a contract to purchase a home from Meritage Homes of Texas, L.L.C. (Meritage) in 2008. In the years that followed, Kirk experienced several issues with her new home and in 2011, Kirk sued Meritage for negligence, breach of contract, breach of warranty, violations of the Deceptive Trade Practices Act, and fraud, alleging in part that the foundation was not properly designed or built. During the Kirk lawsuit, Meritage requested that Childress, who designed the foundation, and Tealstone Concrete, Inc., who built the foundation, provide it a defense and indemnify it against Kirk's claims. Both subcontractors declined to do so. In 2012, Kirk and Meritage settled that lawsuit with an agreement that Meritage would pay $150,000 to Kirk.

Nationwide, as subrogee to Meritage, filed the instant suit against Childress and Tealstone in March 2013 seeking to recover the $150,000 it had paid to Kirk. Tealstone quickly settled with Nationwide, agreed to pay $100,000, and was dismissed from the suit in August 2014. In its petition, Nationwide asserted that Meritage and Childress entered into a contract in October 2002 that called for Childress to provide the design and engineering specifications for homes that Meritage was building in Dallas and Fort Worth and that the contract remained in force through the events giving rise to the instant suit.

In July 2014, Nationwide filed its first motion for traditional summary judgment in this suit. Attached to the motion was an affidavit by Bradley M.

2

Gordon, an attorney who initially defended Meritage in the Kirk lawsuit. In his affidavit, Gordon asserted that Childress provided the engineering services for the Kirk home pursuant to an October 29, 2002 contract that he attached to his affidavit (the October 2002 Contract). While the October 2002 Contract identified Childress as the subcontractor, it identified "Legacy/Monterey Homes, L.P. dba Legacy Homes and MTH Homes—Texas, L.P., DBA Hammonds Homes" (Legacy)—not Meritage—as the contractor. It also provided that the scope of work would be defined in an "exhibit A," but exhibit A was not included in the summary judgment evidence. Gordon's affidavit did not explain any link between Legacy and Meritage, nor did it explain the absence of exhibit A.

Childress objected to Nationwide's summary judgment evidence, including Gordon's affidavit and his attachment of the October 2002 Contract. Childress lodged a hearsay objection and argued that Gordon "[did] not properly introduce the Subcontract[] into evidence," and that "Gordon [was] not shown to be the custodian of records of the Subcontract between Meritage Homes of Texas, LLC and Childress" and, therefore, "there [was] no basis for Gordon to testify that true and correct copies of the Subcontracts" were attached to the affidavit. The trial court sustained this objection and granted Childress's motion to strike the October 2002 Contract.

During the time that Nationwide's first motion for summary judgment was pending, Childress had filed a motion to dismiss Nationwide's claims in which it argued that Nationwide had failed to comply with the requirements of section

3

150.002 of the civil practice and remedies code by failing to file a certificate of merit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002 (West 2011) (requiring the filing of a certificate of merit with the complaint in an action for damages arising out of the provision of professional services by a licensed or registered professional). The trial court denied Childress's motion to dismiss, and Childress appealed the trial court's denial to this court in an interlocutory appeal. This court affirmed the trial court's denial in February 2015 and remanded the case to the trial court for further proceedings. *See Childress Eng'g Servs., Inc. v. Nationwide Mut. Ins. Co.*, 456 S.W.3d 725, 730 (Tex. App.—Fort Worth 2015, no pet.).

Upon remand, Nationwide filed a new motion for partial summary judgment in December 2015 and attached copies of the claims made by Kirk in her petition, amended petition, statement of claims, and amended statement of claims in the Kirk lawsuit; the same affidavit by Gordon that it had filed with its 2014 summary judgment motion, referring to Legacy as the contractor but without the October 2002 Contract attached; and an affidavit of Gregory Ave, an attorney who had represented Nationwide in its defense of Meritage in the Kirk lawsuit. This time, Nationwide attached the October 2002 Contract as its own exhibit and declared in the motion that it was "[a] true and correct copy of Meritage's subcontractor agreement with Childress." Again, the contract did not identify Meritage as a party to the contract, nor did it include exhibit A. And, again, no explanation was provided either in the motion or the attached documents and affidavits as to the connection, if any, between Legacy and Meritage or the absence of exhibit A.

4

Less than a week later, Nationwide filed a supplemental traditional motion for partial summary judgment. In its supplemental motion, Nationwide provided evidence of the settlement between Meritage and Kirk in 2011, attaching a second affidavit by Gordon. Neither the motion nor the affidavit addressed the discrepancies in the October 2002 Contract.

Childress filed objections to the evidence attached to Nationwide's initial and supplemental motions for traditional summary judgment, including the following objection to the October 2002 Contract:

> Exhibit E purports to be a copy of a Subcontract Agreement between Legacy/Monterey Homes, L.P., dba Legacy Homes and MTH Homes—Texas, L.P., dba Hammonds Homes and Childress Engineering. Defendant objects to and moves to strike Exhibit E because Plaintiff does not properly introduce the Subcontract into evidence and therefore it constitutes hearsay pursuant to Texas Rule of Evidence 801(d). No exceptions to the hearsay rule under Texas Rule of Evidence 802(6) have been offered.

In its response to Nationwide's motions, Childress asserted that three fact issues existed that precluded summary judgment: (1) whether Meritage was a party to the "purported" subcontract agreement, pointing out that the named party to the contract was "Legacy/Monterey Homes, L.P., dba Legacy Homes and MTH Homes—Texas, L.P., dba Hammonds Homes," not Meritage, and that Meritage had not provided evidence linking Meritage to that entity; (2) whether the subcontract agreement applied to Kirk's home; (3) whether the settlement entered into between Meritage and Kirk was reasonable; and (4) whether Kirk's damages were proximately caused by Childress's work.

5

Nationwide filed a reply asserting, among other things, that the October 2002 Contract was not hearsay, but Nationwide did not address Childress's points that Meritage was not identified as a party to the contract or that the contract did not define the scope of work to be covered. In a surreply, Childress repeated its assertion that there was no evidence connecting Meritage or the Kirk home to the contract. In a rebuttal to Childress's surreply, Nationwide argued that Childress admitted it designed the foundation of the Kirk home in trial exhibits, but did not assert that Childress had admitted that the October 2002 Contract applied to that work.

By order dated March 16, 2016, the trial court granted Nationwide's motions for partial summary judgment and overruled Childress's objections to Nationwide's summary judgment evidence. A final judgment was signed January 3, 2017, reaffirming the trial court's previous grant of summary judgment in Nationwide's favor. This appeal followed.

**Discussion**

Childress brings three issues on appeal. In its first issue, Childress argues that the trial court erred in granting summary judgment because Nationwide failed to establish that Meritage, Nationwide's insured, was a party to the October 2002 Contract and that the October 2002 Contract applied to the design and construction of the foundation of Kirk's home. Because we hold that Nationwide did not conclusively establish either of those facts, both essential elements of its

6

claim, we reverse the trial court's judgment and need not reach Childress's remaining two issues. *See* Tex. R. App. P. 47.1.

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). ). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848. We must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *See Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *City of Keller v. Wilson*, 168 S.W.3d 802, 822–24 (Tex. 2005). The

7

summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

Nationwide's claims center upon the enforcement of the indemnity clause contained in the October 2002 Contract. In order to succeed on those claims, Nationwide must show that Meritage was a party to the contract and that the scope of the contract included the foundation-design work on Kirk's home (which Childress does not dispute it performed). *See, e.g.*, *Rice v. Metro. Life Ins. Co.*, 324 S.W.3d 660, 666 (Tex. App.—Fort Worth 2010, no pet.) (listing the elements of an action for breach of contract, including the existence of a valid contract between the parties). The October 2002 Contract does not identify Meritage as a party to the contract. In its trial court filings and its briefs before this court, Nationwide has offered no explanation of a link between the party identified in the contract—Legacy—and Meritage. Although at oral argument, counsel for Nationwide asserted that Legacy changed its name, at some point, to Meritage Homes, L.L.C., no evidence of this purported fact appears in the summary judgment record. We cannot consider as evidence statements by counsel to facts outside the record. *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) ("We cannot look outside the record in an effort to discover relevant facts omitted by the parties; rather, we are bound to determine this case on the record as filed.").

At the time the summary judgment was granted in this case, exhibit A was still not a part of the summary judgment record. Thus, the scope of work to be covered by the contract remained wholly undefined. Without the scope of the work defined, there is no link between the October 2002 Contract and the work Childress performed on Kirk's home.[2]

By failing to show any connection Meritage may have had with the October 2002 Contract and whether the scope of the contract included Childress's design of the foundation of Kirk's home, Nationwide has not conclusively proved the essential elements of its claims, precluding a summary judgment in its favor. *See* Tex. R. Civ. P. 166a(c); *Mann*, 289 S.W.3d at 848. We therefore reverse the trial court's judgment and remand the case to the trial court.

## Conclusion

Having sustained Childress's first issue and held that the trial court erred in granting Nationwide's motion for traditional summary judgment, we reverse the

---

[2]At oral argument, counsel for Nationwide claimed that Childress admitted at some point during the proceedings that the October 2002 Contract was with Meritage and applied to the work performed at the Kirk home, even claiming that Childress had at some point filed as an attachment a copy of the October 2002 Contract with the elusive exhibit A attached. But in our review of the record before us, we have found no such admission and we have found no copy of the October 2002 Contract with exhibit A attached submitted by either party. In its pleadings, Childress frequently referred to the contract as an "alleged" or "purported" contract, and at no point did Childress refer to the October 2002 Contract in such a way as to constitute a judicial admission that it applied to Childress's work on the Kirk home. *See Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996) ("A judicial admission must be a clear, deliberate, and unequivocal statement.").

9

trial court's judgment and remand the case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d), 43.3.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DELIVERED:  December 7, 2017