**Reversed and Remanded and Majority and Dissenting Opinions filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00131-CV

---

## LJA ENGINEERING INC., Appellant

## V.

## ESMERALDA CHAVES SANTOS, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MANUEL MOLINA, DECEDENT, AND FOR THE USE AND BENEFIT OF THE WRONGFUL DEATH BENEFICIARIES OF MANEL MOLINA; DANIEL MOLINA AND NANCY MOLINA, Appellees

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2020-46588**

---

### MAJORITY OPINION

Appellees Esmeralda Chaves Santos, Individually, and as personal representative of the Estate of Manuel Molina, decedent, and for the use and benefit of the wrongful death beneficiaries of Manuel Molina; Daniel Molina; and Nancy Molina filed suit against appellant LJA Engineering, Inc. alleging that LJA

Engineering's negligence and gross negligence caused the death of Manuel Molina. LJA Engineering moved to dismiss appellees' lawsuit against it because appellees did not attach a certificate of merit to their complaint first alleging claims against LJA Engineering. *See* Tex. Civ. Prac. & Rem. Code § 150.002 (mandating dismissal of claim for damages arising out of the provision of professional engineering services if a claimant fails to file with the complaint a certificate of merit prepared by a licensed professional engineer). The trial court denied LJA Engineering's motion and LJA Engineering filed this interlocutory appeal challenging the trial court's order. Concluding that the trial court erred when it denied LJA Engineering's motion to dismiss for failure to file a certificate of merit, we reverse the trial court's order and remand to the trial court for further proceedings.

## BACKGROUND

As its name implies, LJA Engineering provides professional engineering services. LJA Engineering contracted with the City of Sour Lake to provide engineering services for a sanitary sewer rehabilitation project. LJA Engineering agreed to, among other things, (1) provide "preliminary design activities" to establish the "appropriate design criteria" for the project, (2) design and prepare the construction plans and specifications for the project, and (3) provide "inspection services to adequately observe the construction activity." In addition, the contract between LJA Engineering and Sour Lake provided that LJA Engineering would "serve as [Sour Lake's] professional representative for the Services, and may make recommendations to [Sour Lake] concerning actions relating to [Sour Lake's] contractors, but LJA [Engineering] specifically disclaim[ed] any authority to direct or supervise the means, methods, techniques, safety activities, personnel, compliance, sequences, or procedures of construction

2

selected by [Sour Lake's] contractors."

Manuel Molina was employed by Kellen Environmental. Molina and other Kellen Environmental employees were working on the Sour Lake sewer rehabilitation project on which LJA Engineering provided engineering services. The workers opened a manhole cover and one worker fell into the sewer pipe. Molina jumped down into the pipe to help his fellow worker. As a result, Molina was exposed to lethal amounts of a poisonous gas present in the sewer pipe. Appellees are Molina's surviving spouse and heirs. They filed suit against LJA Engineering asserting negligence and gross negligence claims. Among other allegations, appellees alleged that LJA Engineering failed to (1) provide warning of the existence of the poisonous gas, (2) properly inspect and oversee the work, and (3) properly supervise those whose work they had the right to control.

After filing an answer, LJA Engineering filed a Chapter 150 motion to dismiss appellees' claims because appellees did not attach a certificate of merit to their petition first naming LJA Engineering as a defendant. *See* Tex. Civ. Prac. & Rem. Code § 150.002 (establishing certificate of merit requirement). Appellees responded to LJA Engineering's motion to dismiss arguing that Chapter 150 did not apply to their claims against LJA Engineering. The trial court denied LJA Engineering's motion and this interlocutory appeal followed.

### ANALYSIS

LJA Engineering raises a single issue challenging the trial court's denial of its Chapter 150 motion to dismiss. LJA Engineering argues that the trial court erred when it denied the motion to dismiss because appellees' petition alleged claims that required appellees to include a certificate of merit addressing their claims against LJA Engineering.

## I.    Standard of review

This is an interlocutory appeal from the trial court's denial of LJA Engineering's motion to dismiss filed pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code.  A plaintiff suing for damages "arising out of the provision of professional services by a licensed or registered professional" must file a certificate of merit with the complaint. Tex. Civ. Prac. & Rem. Code § 150.002(a).  We ordinarily review a trial court's order on a Chapter 150 motion to dismiss for an abuse of discretion.  *Jacobs Engineering Group, Inc. v. Elsey*, 502 S.W.3d 460, 463 (Tex. App.—Houston [14th Dist.] 2016, no pet.).  However, when, like here, the relevant facts are not disputed, the issue on appeal becomes the proper construction of specific statutory provisions and application of those provisions to the undisputed facts of the case.  This presents a question of law that we review de novo.  *See LaLonde v. Gosnell*, 593 S.W.3d 212, 220 (Tex. 2019) ("Deference must be afforded to the trial court's disposition of disputed facts, but when there are none, as here, our review is entirely de novo.").

This appeal also requires us to review the trial court's interpretation and application of various statutes.  Statutory interpretation presents a question of law subject to de novo review.  *Bracey v. City of Killeen*, 417 S.W.3d 94, 103 (Tex. App.—Austin 2013, no pet.).  Our primary objective in statutory construction is to give effect to the legislature's intent.  *Id.*  We first look to the statute's text to determine the legislature's intent.  *Id.*  When the statutory text is clear, it is determinative of the legislature's intent.  *Id.* at 104.  In that situation, we give the statute its plain meaning without resorting to rules of construction or extrinsic aids. *Id.*  Only when a statute is susceptible to more than one reasonable interpretation does a court look beyond its language for assistance in determining legislative intent.  *Id.*  We view statutory terms in context, giving them full effect.  *Id*. at 103.

We presume that every word of a statute was used for a purpose, and every omitted word was purposefully not chosen. *Texas Law Shield LLP v. Crowley*, 513 S.W.3d 582, 588 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). In determining the plain meaning of a statute, we construe the language according to the rules of grammar and common usage. *Id.* "As a general principle, we eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 57 (Tex. 2015). When construing statutes, "we are bound to apply the statutory definition in deciding the question before us." *Nelson v. Union Equity Co-op. Exch.*, 548 S.W.2d 352, 355 (Tex. 1977).

## II. The trial court erred when it denied LJA Engineering's motion to dismiss.

Here, it is not disputed that LJA Engineering is a licensed professional engineering company. It is also undisputed that LJA Engineering assigned a licensed professional engineer employee to the Sour Lake sewer rehabilitation project. In addition, it is undisputed that Molina was an employee of Kellen Environmental, not LJA Engineering. Finally, it is undisputed that appellees did not attach a certificate of merit to their petition first alleging claims against LJA Engineering. Because a plaintiff suing for damages arising out of the provision of professional services by a licensed or registered professional engineer must file a certificate of merit with the complaint, we must determine whether appellees' claims against LJA Engineering arise out of the provision of engineering services. *See Jacobs Eng'g Grp., Inc.*, 502 S.W.3d at 463 (citing Tex. Civ. Prac. & Rem. Code § 150.002(a)). We conclude they do.

A certificate of merit must address each theory of recovery for which damages are sought. *Dunham Eng'g, Inc. v. Sherwin-Williams Co.*, 404 S.W.3d

5

785, 793 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When determining whether a plaintiff's claims arise out of the provision of professional engineering services within the meaning of section 150.002, we look to the definition of the practice of engineering in the Texas Occupations Code and the allegations against the engineer. *Id.*; *see TDIndustries, Inc. v. Citicorp N. Am., Inc.*, 378 S.W.3d 1, 6 (Tex. App.—Fort Worth 2011, no pet.) (concluding "that the proper approach when determining whether a certificate of merit is required is to look solely at the pleadings to determine the nature of the claim and not at discovery between the parties").

The "practice of engineering" means "the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work." *Jacobs Eng'g Grp., Inc.*, 502 S.W.3d at 464 (quoting Tex. Occ. Code § 1001.003(b)). The practice of engineering includes, among other things, (1) "consultation, investigation, evaluation, analysis, planning, [and] engineering for program management;" (2) "design, conceptual design, or conceptual design coordination of engineering works or systems;" (3) "engineering for review of the construction or installation of engineered works to monitor compliance with drawings or specifications;" and (4) "a service, design, analysis, or other work performed for a public or private entity in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial or consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic, geotechnical, or thermal nature." Tex. Occ. Code § 1001.003(c).

Appellees alleged that LJA Engineering was negligent and grossly negligent

because it failed to (1) "maintain a safe work environment for workers;" (2) "ensure that workers operated in a reasonably safe manner;" (3) "provide warning of poisonous or hazardous chemicals/gases;" (4) "properly inspect and oversee the work;" (5) "address known hazards and risks;" (6) "utilize reasonable means of protecting workers;" (7) "ensure the sewers were clear before starting work;" (8) "implement and/or enforce adequate safety protocols and procedures;" and (9) "properly supervise those whose work they had a right to control." To determine whether these claims arise out of the provision of professional engineering services, we look to the substance of the plaintiff's pleadings. *Jennings, Hackler & Partners, Inc. v. North Tex. Mun. Water Dist.*, 471 S.W.3d 577, 581 (Tex. App.—Dallas 2015, pet. denied). In making that determination, the "question is not whether the alleged mal-acts themselves constitute the provision of professional [engineering] services, but whether the claims arise out of the provision of professional [engineering] services." *Id.*; *see also Dunham Eng'g, Inc.*, 404 S.W.3d at 793 ("[T]he issue is not whether the alleged tortious acts constituted the provision of professional services, but rather whether the tort claims arise out of the provision of professional services."). Claims arise out of the provision of professional engineering services if they implicate the engineer's education, training, and experience in applying special knowledge or judgment. *TDIndustries, Inc.*, 378 S.W.3d at 5. We conclude that each of appellees' allegations implicates LJA Engineering's and its licensed professional engineer employee's education, training, and experience in applying special knowledge or judgment to the performance of LJA Engineering's contractual obligations to Sour Lake.[1] *See* Tex. Occ. Code § 1001.003(c)(2), (3), (7), (9), (10), and (12);

---

[1] Under its contract with Sour Lake, LJA Engineering agreed that it would design the project, prepare the construction plans and specifications, and then inspect the work to ensure that the work complied with LJA Engineering's design plans. Each of these contractual obligations fits within the statutory definition of the practice of engineering. *See* Tex. Occ. Code § 1001.003(c).

*Cimarron Eng'g., LLC v. Miramar Petroleum, Inc.*, No. 13-14-00163-CV, 2014 WL 2937012, at *5 (Tex. App.—Corpus Christi June 26, 2014, pet. denied) (mem. op.) (concluding plaintiff was required to file a certificate of merit because its breach of contract and negligent supervision claims against engineering company related to a well blowout arose from the practice of engineering). As a result, we conclude that each of appellees' allegations arose out of the provision of professional engineering services and appellees were required to file a certificate of merit with their petition first naming LJA Engineering as a defendant. *See TDIndustries, Inc.*, 378 S.W.3d at 6 (holding plaintiff's negligence claim implicated defendant's engineering education, training, and experience, because plaintiff premised claim on defendant's alleged engineering expertise in the installation, inspection, and testing of complex equipment).

Appellees' reliance on this Court's *Jacobs Engineering Group, Inc.* opinion does not change this result. 502 S.W.3d at 465. In *Jacobs Engineering Group, Inc.*, another panel of this Court held that the plaintiffs there were not required to file a Chapter 150 certificate of merit because their claims did not arise out of Jacobs Engineering's provision of engineering services but instead arose out of the duties an employer owes its employees. *Id.* In *Jacobs Engineering Group, Inc.*, it was undisputed that the decedent had been an employee of Jacobs Engineering and the plaintiffs alleged Jacobs Engineering had violated duties owed to the decedent as a Jacobs Engineering employee. *Id.* at 468. In the present case, it is undisputed that Molina was not an employee of LJA Engineering but was instead employed by another entity, Kellen Environmental. We therefore conclude that *Jacobs Engineering Group, Inc.* is distinguishable on its facts and does not control the outcome here.

Because appellees were required to file a Chapter 150 certificate of merit and they did not, we hold that the trial court erred when it denied LJA Engineering's Chapter 150 motion to dismiss. We sustain LJA Engineering's issue on appeal.

## CONCLUSION

Having sustained LJA Engineering's issue on appeal, we reverse the trial court's order and remand the case to the trial court to determine whether the dismissal should be with or without prejudice. *See* Tex. Civ. Prac. & Rem. Code § 150.002(e) (providing that dismissal is required but "may" be with prejudice); *Pedernal Energy, LLC v. Bruington Engineering, Ltd.*, 536 S.W.3d 487, 496 (Tex. 2017) (stating in a case where no certificate of merit was filed that the decision whether to dismiss a case with or without prejudice is within the trial court's discretion).

/s/ Jerry Zimmerer
   Justice

Panel consists of Justices Jewell, Zimmerer, and Hassan (Hassan, J., dissenting).