ACCEPTED
15-25-00178-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/8/2026 1:35 PM
CHRISTOPHER A. PRINE
CLERK

**NO. 15-25-00178-CV**

---

# IN THE FIFTEENTH COURT OF APPEALS OF TEXAS
# AT AUSTIN, TEXAS

FILED IN
15TH COURT OF APPEALS
AUSTIN, TEXAS
1/8/2026 1:35:17 PM
CHRISTOPHER A. PRINE
Clerk

---

**PGAL, INC.,**

**Appellant,**

**v.**

**IAN MIRAMON AND CAROLINE MIRAMON,**

**Appellees.**

---

### On Interlocutory Appeal From the District Court of
### Travis County, Texas, Cause No. D-1-GN-25-001130;
### The Honorable Laurie Eiserloh, Presiding Judge

---

### BRIEF OF APPELLEES IAN MIRAMON AND CAROLINE MIRAMON

---

John C. Ramsey
State Bar No. 24027762
K. Grace Hooten
State Bar No. 24092980
**RAMSEY LAW GROUP**
Woodway Tower
6363 Woodway Drive
Suite 500
Houston, Texas 77057
(P): (713) 489-7577
(F): (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com

Rick Freeman
**RICK FREEMAN, P.C.**
State Bar No. 07428800
3660 Stoneridge Road
B-102
Austin, Texas 78746
(P): (512) 477-6111
(F): (512) 473-2131
rick@freemanlaw.com

Vincent L. Marable III
**PAUL WEBB, P.C.**
State Bar No. 12961600
221 N. Houston Street
Wharton, Texas 77488
(P): (979) 532-5331
(F): (979) 532-2902
tripp@paulwebbpc.com

**ATTORNEYS FOR APPELLEES**
**IAN MIRAMON AND CAROLINE MIRAMON**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................2

INDEX OF AUTHORITIES...........................................................4

STATEMENT REGARDING ORAL ARGUMENT......................................9

RECORD AND PARTY REFERENCES...............................................10

TRANSFER FROM THIRD COURT OF APPEALS .............................11

INTRODUCTION AND OVERVIEW.................................................12

THE MIRAMONS' RESPONSE TO PGAL'S
STATEMENT OF FACTS (Responsive to PGAL's
Brief of Appellant, pp. 5 – 14)..................................................17

A.    THE PLEADING ALLEGATIONS............................................17

B.    THE MIRAMONS' CERTIFICATE OF MERIT ..............................20

SUMMARY OF RESPONSIVE ARGUMENTS.......................................25

ARGUMENT ..........................................................................27

A.    LOW BAR AND SECTIONS 1001.0031 AND
1051.0016 OF TEXAS OCCUPATIONS CODE
(Responsive to PGAL's Brief of Appellant, pp.
15 – 17) ...........................................................................27

B.    STANDARDS GOVERNING CHAPTER 150
MOTIONS TO DISMISS ( Responsive to PGAL's
Brief of Appellant, pp. 18 – 24) .......................................30

C.    PGAL MAKES A MERITLESS AND IMPROPER
"NO CERTIFICATE ARGUMENT" BASED ON
EVIDENCE (Responsive to PGAL's Brief of
Appellant, pp. 24 – 37)...................................................34

D.    THE NO CERTIFICATE ARGUMENT IS
      MERITLESS (Responsive to PGAL's Brief
      of Appellant, pp. 37 – 40)........................................................43

E.    PGAL IS AN ENGINEERING FIRM: THE
      MIRAMONS' CLAIMS ARE SUPPORTED BY
      A CERTIFICATE OF MERIT FROM AN ENGINEER
      AND CANNOT BE DISMISSED.....................................................44

CONCLUSION AND PRAYER.............................................................48

CERTIFICATE OF COMPLIANCE.........................................................50

CERTIFICATE OF SERVICE...............................................................51

# INDEX OF AUTHORITIES

**CASES:**

AMEC Foster Wheeler USA Corp. v. Goats,
No. 09-18-00477-CV, 2019 WL 3949466
(Tex. App. – Beaumont August 22, 2019, no
pet.) (mem. op.) ................................................................ 38

Aran & Franklin Engineering, Inc. v. Zody, No.
13-21-00262-CV, 2022 WL 17844211 (Tex. App. –
Corpus Christi – Edinburg Dec. 22, 2022, no
pet.) (mem. op.) ................................................................ 38

Aran & Franklin Eng'g, Inc. v. Zody, No. 13-24-
00180-CV, 2025 W 866855 (Tex. App. – Corpus
Christi – Edinburg Mar. 20, 2025, pet. filed) (mem.
op.) ................................................................................ 42

Bratton v. Pastor, Behling & Wheeler, L.L.C.,
No. 01-23-00015-CV, 2024 WL 1662391 (Tex.
App. – Houston [1st Dist.] April 18, 2024, pet.
denied) (mem. op.) ...................................................... 13, 31

Carter & Burgess, Inc. v. Sardari, 355 S.W.3d
804 (Tex. App. – Houston [1st Dist.] 2011, no pet.)............... 37

Certain Underwriters at Lloyds of London v.
Mayse & Associates, Inc., 635 S.W.3d 276 (Tex.
App. – Corpus Christi – Edinburg 2021, pet.
denied)........................................................................ 17, 42

Costello, Inc. v. Briggs Brothers Enterprises
Corporation, No. 01-23-00307-CV, 2024 WL
187435 (Tex. App. – Houston [14th Dist.] Jan.
18, 2024, no pet.) (mem. op.)............................................ 36

Dorsey v. Environmental Resources Management Southwest, Inc., No. 14-23-00017-CV, ___ S.W.3d ___, 2024 WL 4230031 (Tex. App. – Houston [14th Dist.] Sept. 19, 2024, pet. filed)............................................................ 39

Eric L. David Eng'g, Inc. v. Hegemeyer, No. 14-22-00657-CV, 2023 WL 8270984 Tex. App. – Houston [14th Dist.] Nov. 30, 2023, no pet.) (mem. op.) .................................. 42

Gignac & Associates, LLP v. Hernandez, No. 13-17-00336-CV, 2018 WL 898144 (Tex. App. – Corpus Christi – Edinburg Feb. 15, 2018, no pet.) (mem. op.) ..................................................... 44

Halff Associates, Inc. v. Jacob & Martin, LLC, No. 02-24-00439-CV, 2025 WL 1536392 (Tex. App. – Fort Worth May 29, 2025, pet. denied) (mem. op.) ...................................................................... 27

In re Channelview Flooding Litigation, No. 01-22-00946-CV, 2024 WL 5249085 (Tex. App. – Houston [1st Dist.] Dec. 31, 2024, pet. denied) (mem. op.) .................................................................. 35

Jacobs Engineering Group, Inc. v. Elsey, 502 S.W.3d 460 (Tex. App. – Houston [14th Dist.] 2016, no pet.)................................................................. 39

Jacobs Field Serv N. Am., Inc. v. Willeford, No. 01-17-00551-CV, 2018 WL 3029060 (Tex. App. – Houston [1st Dist.] June 19, 2018, no pet.) (mem. op.)....................... 41

Janis Smith Consulting, LLC v. Rosenberg, No. 03-23-00370-CV, 2024 WL 4750757 (Tex. App. – Austin, Nov. 5, 2024, pet. denied) (mem. op.)................................. 42

Jennings, Hackler & Partners, Inc. v. North Texas Municipal Water District, 471 S.W.3d 577 (Tex. App. – Dallas 2015, pet. denied)....................................... 44

JJW Development, L.L.C. v. Strand Systems Engineering, Inc., 378 S.W.3d 571 (Tex. App. – Dallas 2012, pet. denied) ...................................................... 38

Jordan and Associates v. Wells, No. 01-14-00992-CV, 2015 WL 4591786 (Tex. App. – Houston [1st Dist.] July 30, 2015, no pet.) (mem. op.) .................................................................................. 36

Kayne Anderson Capital Advisors, L.P. v. Hill & Frank, Inc., 570 S.W.3d 884 (Tex. App. – Houston [1st Dist.] 2018, no pet.)..................................... 44

LJA Eng'g Inc. v. Santos, 652 S.W.3d 916 (Tex. App. – Houston [14th Dist.] 2022, no pet.) ................................. 39

Lantz v. Higgins, Inc., No. 01-14-00208-CV, 2015 WL 1501790 (Tex. App. – Houston [1st Dist.] Mar. 31, 2015, no pet.) (mem. op.) .......................................... 37

Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd, 514 S.W.3d 487 (Tex. 2017) ....................................................... 41

Marquez v. Calvo, No. 03-18-00597-CV, 2019 WL 2998584 (Tex. App. – Austin July 10, 2019, no pet.) (mem. op.) ................................................................. 35, 46

M-E Eng'rs, Inc. v. City of Temple, 365 S.W.3d 497 (Tex. App. – Austin 2012, pet. denied)....................................... 17

Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887 (Tex. 2017)......................................... 16

Pelco Constructions, Inc. v. Dannenbaum Engineering Corp., 404 S.W.3d 48 (Tex. App. – Houston [1st Dist.] 2013, no pet.)...................................... 37

TDIndustries, Inc. v. CitiCorp North America, Inc., 378 S.W.3d 1 (Tex. App. – Fort Worth 2011, no pet.) ................................................................................. 37

6

TDIndustries, Inc. v. Rivera, 339 S.W.3d 749
(Tex. App. – Houston [1st Dist.] 2011, no pet.) .................................. 37

Terracon Consultants, Inc. v. Northern Pride
Communications, Inc., No. 01-22-00755-CV,
2023 WL 2316351 (Tex. App. – Houston [1st
Dist.] Mar. 2, 2023, no pet.) (mem. op.) ............................................ 36

TIC N. Cen. Dall. 3, L.L.C. v. Envirobusiness,
Inc., 453 S.W.3d 71 (Tex. App – Dallas 2014,
pet. denied)....................................................................................... 38

Tucker Engineering, Inc. v. Temperley, No. 03-
21-00565-CV, 2022 WL 17684036 (Tex. App. –
Austin Dec. 15, 2022, no pet.) (mem. op.) ................................. 14, 35

## RULES AND STATUTES:

Tex. Civ. Prac. & Rem. Code Chapter 150 .................................passim

Tex. Civ. Prac. & Rem. Code Section 150.001(1-C) ......................... 15

Tex. Civ. Prac. & Rem. Code Section 150.002 ..................... 16, 34, 40

Tex. Civ. Prac. & Rem. Code Section 150.002(a) ....................... 14, 16

Tex. Civ. Prac. & Rem. Code Section 150.002(b) ............................ 16

Tex. Civ. Prac. & Rem. Code Section 150.002(e) ....................... 14, 16

Texas Occupations Code Section 1001.0031 ............................ 27, 28

Texas Occupations Code Section 1001.0031(d) .............................. 28

Texas Occupations Code Section 1001.0031(e) .............................. 29

Texas Occupations Code Section 1051.0016 ............................ 27, 28

Texas Occupations Code Section 1051.0016(b) .............................. 28

Texas Occupations Code Section 1051.0016(c) ............................... 29

Tex. R. App. P. 9.4(i)(1) ........................................................ 50

Tex. R. App. P. 9.4(i)(2)(B) .................................................... 50

Tex. R. App. P. 41.3 ............................................................. 11

**STATEMENT REGARDING ORAL ARGUMENT**

This lawsuit was filed after Appellee Ian Miramon, a City of Austin Fire Fighter, was catastrophically injured after being struck in the head by an industrial-sized ceiling fan. (CR 4 – 25). The incident occurred on June 17, 2023. (CR 9). Suit was filed on February 12, 2025. (CR 4). While Appellant PGAL says that the issues in this case are "straightforward and uncomplicated," Brief of Appellant, p. xii, PGAL seeks dismissal of the Miramons' claims that are now more than two years old. The Miramons desire to present oral argument to respond to the dispositive arguments made by PGAL.

# RECORD AND PARTY REFERENCES

There is a one-volume clerk's record which is referred to as ("CR ___") with the page number of the clerk's record in parentheses.

There is a one-volume reporter's record which is referred to as ("RR ___") with the page number of the reporter's record in parentheses.

Appellant PGAL, Inc. is referred to as "PGAL."

This appeal transferred to this Court was originally docketed in the Third Court of Appeals as 03-25-00756-CV.

**TRANSFER FROM THIRD COURT OF APPEALS**

The Supreme Court transferred this appeal from the Third Court of Appeals to this Court. Texas Rule of Appellate Procedure 41.3 applies. This Court is bound by the precedent of the Third Court of Appeals to the extent that it differs from this Court's precedent.

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Appellees Ian Miramon and Caroline Miramon ("the Miramons") file this Brief of Appelles responding to the Brief of Appellant of PGAL, INC. as follows:

## INTRODUCTION AND OVERVIEW

PGAL is a licensed engineering firm (Tx Engineering Firm No. 2472) (CR 19) and the Miramons presented a Certificate of Merit from a licensed engineer with their Original Petition. (CR 18 – 24). PGAL admitted during the oral hearing that PGAL was not challenging the qualifications of Shane M. Darville, P.E., the engineer that authored the Miramons' Certificate of Merit. (CR 18 – 24) (RR 16). ("PGAL is not challenging the qualifications of the experts here today.")

PGAL is also a licensed architecture firm. It says on appeal that it "only used one of these licenses [Architecture] in performing the services involved." Brief of Appellant, p. 1. During the oral hearing, PGAL repeatedly argued disputed factual issues, claiming that it only provided architectural services, not engineering services.

> While PGAL was a large firm that offers engineering, architect, and design services, at no point were engineering services offered on behalf of this specific fire station. Instead, PGAL was hired as - - solely as the architect, that is the stamp and the expert that was - - was used, was solely an architect on this fire station.

12

■ ■ ■

> At no point did PGAL have an engineer on this case. The only professional that was on this case was an architect, and they've only filed a Certificate of Merit for an engineer

■ ■ ■

> At no point did PGAL perform any engineering acts. They didn't perform any engineering services. It was specifically architectural services.

■ ■ ■

> However, at no point - - again, at no point were engineering services provided by my client nor did they plead such claims within their petition.

(RR 7, 8, 10, 11).

But, this is an evidentiary issue, a disputed one, and the Chapter 150 motion to dismiss practice is <u>not</u> a summary judgment procedure. Rather, the Chapter 150 motion to dismiss practice involves the analysis of the definition of the "practice of engineering" in the Occupations Code and the allegations made in the Miramons' petition. As the Fourteenth Court of Appeals recently explained in <u>Bratton v. Pastor, Behring & Wheeler, L.L.C.</u>, No. 01-23-00015-CV, 2024 WL 1662391 at * 11 – 12 (Tex. App. – Houston [1st Dist.] April 18, 2024, pet. denied) (mem. op.).

> The question before the trial court and before us on appeal is only whether Dr. Bedient's certificate of merit complied with Section 150.002(a). The accuracy of Dr. Bedient's opinions and the reliability of his foundational materials do not impact the

13

sufficiency of his certificate of merit under Section 150.002, which a plaintiff must file at the onset of litigation before any discovery has occurred. Rather, such arguments, which ERM and PBW are not foreclosed from making in the future, are more appropriately raised in a motion for summary judgment or motion to exclude expert testimony. See CBM Eng'rs, 403 S.W.3d at 346 (stating Section 150.002 does not "foreclose the defendant from later challenging the sufficiency of the plaintiff's evidence or the admissibility of an expert's opinion, such as by filing a motion to exclude expert testimony or a motion for summary judgment")

The evidentiary arguments made by PGAL are contrary to Texas law and meritless.

This case involves a Texas Civil Practice & Remedies Code Chapter 150 motion to dismiss filed by Appellant PGAL (CR 111 – 238). "A claimant's failure to file the affidavit [the Certificate of Merit] in accordance with this section shall result in dismissal of the complaint against the defendant." Tex. Civ. Prac. & Rem. Code Section 150.002(e). To determine whether Chapter 150 applies and requires the filing of a Certificate of Merit, the trial court looks solely to the pleadings to determine the nature of the claims. Tucker Engineering, Inc. v. Temperley, No. 03-21-00565-CV, 2022 WL 17684036 at * 4 (Tex. App. – Austin Dec. 15, 2022, no pet.) (mem. op.).

This interlocutory appeal by PGAL presents the following questions.

**First Question:** Is this an action for damages arising out of the provision of professional services by a licensed or registered professional?

**Answer:** Yes. See Tex. Civ. Prac. & Rem. Code Section 150.002(a).

14

**Second Question:** What are the professional services by the licensed or registered professional? **Answer:**

(a)     Failing to design the Subject Property in a safe condition;

(b)     Failing to install the ceiling fan at the Subject Property in a safe manner and in a safe location;

(c)     Failing to construct the Subject Property in a safe manner;

(d)     Failing to inspect the Subject Property for any dangerous conditions;

(e)     Failing to adequately warn of a dangerous and/or hazardous condition;

(f)     Failure to remedy or retrofit a dangerous and/or hazardous condition that they created;

(g)     Violating applicable government regulations, laws, rules, and industry standards; and

(h)     Other acts discovered that are deemed negligent and/or grossly negligent.

(CR 11).

**Third Question:** Who is the licensed or registered professional?

**Answer:** PGAL, Inc. <u>See</u> Tex. Civ. Prac. & Rem. Code Section 150.001(1 –

C).

**Fourth Question:** What is PGAL's licensed or registered profession?

**Answer:** Engineer, Texas Engineering Firm No. 2742. (CR 19).

15

**Fifth Question:** Did the Miramons file a Certificate of Merit? **Answer:** Yes. (CR 18 – 24).

**Sixth Question:** Does the Certificate of Merit satisfy the requirements in Section 150.002(a) & (b)? **Answer:** Yes.

**Seventh Question:** Did PGAL make any argument that the Miramons' Certificate of Merit does not comply with Sections 150.002(a) & (b)? **Answer:** No. (RR 16 – Counsel for PGAL: "So specifically I wanted to clarify PGAL is not challenging the qualifications of the experts here today.")

**Eighth Question:** Where the plaintiff pleads engineering deficiencies against an engineering firm and files a compliant engineering Certificate of Merit, may the engineering professional obtain dismissal by arguing it is also an architect professional and no architect Certificate of Merit was filed? **Answer:** No. The Miramons filed a Certificate of Merit "in accordance with" Section 150.002 which precludes dismissal of their claims. See Tex. Civ. Prac. & Rem. Code Section 150.002(e).

The Texas Supreme Court has observed that "courts of appeals generally reject[] the notion that chapter 150 imposes the same level of scrutiny as that imposed on the admissibility of expert-opinion testimony for summary-judgment or trial purposes." Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887, 890 – 91 (Tex. 2017). The statute

16

"reflects [the] legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit." M-E Eng'rs, Inc. v. City of Temple, 365 S.W.3d 497, 504 (Tex. App. – Austin 2012, pet. denied). This requires a careful balance between "dismissing meritless claims" and "not dismissing meritorious claims merely on a procedural technicality." Certain Underwriters at Lloyds of London v. Mayse & Associates, Inc., 635 S.W.3d 276, 287 (Tex. App. – Corpus Christi – Edinburg 2021, pet. denied).

The Miramons made their threshold showing of merit. The trial court correctly denied PGAL's motion to dismiss. (CR 370 – 371).

**THE MIRAMONS' RESPONSE TO PGAL'S STATEMENT OF FACTS**
(Responsive to PGAL's Brief of Appellant, pp. 5 – 14)

PGAL makes an evidentiary argument based on evidence that the trial court excluded. (CR 372 – 374). The trial court's denial of the Chapter 150 motion to dismiss was correct because Texas law required the trial court to consider the definition of the practice of engineering in the Occupations Code and the allegations made in the Miramons' petition.

## A. THE PLEADING ALLEGATIONS

This lawsuit involves catastrophic injuries suffered by City of Austin fire fighter Ian Miramon at Austin Fire Department Station 51. (CR 4 – 25). Mr. Miramon was struck in the head by a blade of an industrial-sized ceiling fan.

17

<u>Id</u>. The Miramons' Original Petition pleads as follows with respect to the facts

of the incident and the injuries suffered by Appellee Ian Miramon:

> 5.1   On or about June 17th, 2023 ("the date in question"), Plaintiff Ian Miramon ("Fireman Miramon") was working as a fireman for the Austin Fire Department at Austin Fire Station 51 located at 5410 US-290 , Austin, TX 78748 ("Subject Property"). This was not his usual and customary station, as he was filling in for Station 51 on the day in question.
>
> 5.2   Upon information and belief, as Fireman Miramon was performing an inspection on a fire truck for his shift at the Subject Property, he was violently stuck in the head by a blade of an industrial-sized ceiling fan that was installed on the ceiling of the fire station. The force knocked Fireman Miramon off the top of the fire truck to the concrete ground below. He lost consciousness for several minutes and was found by other firemen on the ground surrounded by a pool of his own blood.



*Illustration No. 1 – Photograph of Subject Incident Scene.*

5.3 As a result of this incident, Fireman Miramon suffered multiple life-threatening injuries, including but not limited to a fractured skull with a traumatic brain injury, fractured jaw, fractured clavicle, multiple broken ribs, compression spinal injury, collapsed lung, as well as other injuries.

5.4 To this day, Fireman Miramon has suffered and continues to suffer from his serious, permanent, painful, and debilitating injuries.

(CR 9 – 10).

The Original Petition pleads a cause of action for negligence and gross negligence as follows:

6.1 Defendants committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the injuries and damages to Plaintiffs.

6.2 Defendants owed Plaintiffs a duty of ordinary care and breached their duties to Plaintiffs by the following:

(i) Failing to design the Subject Property in a safe condition;

(j) Failing to install the ceiling fan at the Subject Property in a safe manner and in a safe location;

(k) Failing to construct the Subject Property in a safe manner;

(l) Failing to inspect the Subject Property for any dangerous conditions;

(m) Failing to adequately warn of a dangerous and/or hazardous condition;

19

(n)     Failure to remedy or retrofit a dangerous and/or hazardous condition that they created;

(o)     Violating applicable government regulations, laws, rules, and industry standards; and

(p)     Other acts discovered that are deemed negligent and/or grossly negligent.

6.3     Defendants' wrongful acts, errors, omissions, neglect, and carelessness, as set forth in the preceding paragraphs, were the proximate cause of Plaintiffs' injuries and damages.

(CR 11).

## B.     THE MIRAMONS' CERTIFICATE OF MERIT

The entirety of Appellant PGAL's motion to dismiss was based on a single, disputed, factual argument: "[B]ecause PGAL provided architectural services to the Project at issue of this lawsuit, and Plaintiffs did not file the statutorily required certificate of merit for a licensed architect, pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code, Plaintiffs' claims against PGAL must be dismissed as a matter of law, ...". (CR 113). Motion to Dismiss, ¶ 1.6. (emphasis in original). PGAL is also an engineering firm and the Miramons filed a Certificate of Merit from an engineer, which PGAL did not challenge in the trial court. (CR 18 – 24; 111 – 238). For these reasons, Appellant PGAL's motion to dismiss was meritless and was properly denied by the trial court.

The Miramons attached a Certificate of Merit of Shane M. Darville, P.E. to their Original Petition. (CR 18 – 24). Mr. Darville is a licensed Texas engineer and he identified the following Defendants, including PGAL, as engineering firms:

> The following engineering firms are known or reasonably believed to have worked upon the design and/or construction of Fire Station 51 for the City of Austin. Hereafter, these parties are collectively referred to as "The relevant party(ies)":
>
> - Encotech Engineering Consultants, Inc. – TX Engineering Firm No. 1141
> - Encotech Engineering Consultants, SA, Inc. – TX Engineering Firm No. 13366
> - Garza EMC, LLC – TX Engineering Firm No. 14629
> - JQ+ Tsen, LLC – TX Engineering Firm No. 12778
> - PGAL, Inc. – TX Engineering Firm No. 2742

(CR 19).

Mr. Darville's Certificate included additional factual information about the incident and injury.

> On/about June 17, 2023, Ian Miramon was injured while working at Fire Station 51 for the Austin Fire Department. Available evidence, primarily consisting of statements, photographs, and measurements taken by Austin Fire Department personnel, indicated that Mr. Miramon fell from the top of an apparatus (called Quint 51 by AFD) after being struck by a ceiling fan blade. Analysis of scene photographs and AFD documents indicates a large ceiling fan was mounted approximately 32 inches above the top of the apparatus.
>
> Post-incident photographs indicate that one blade of the fan was out of plane with the rest of the blades. Further, the presence of

21

blood on some of the surfaces at the top of the apparatus evidences that Mr. Miramon sustained injury prior to impact with the ground. This available evidence indicates that, more likely than not, Mr. Miramon was impacted by a fan blade at/near the top of the apparatus and was subsequently knocked, or unbalanced and fell, to the floor.

(CR 19).

Mr. Darville discussed the lack of appropriate clearance between the ceiling fan and the top of the fire-fighting apparatus.

The placement of the subject fan was problematic and hazardous in that it did not have sufficient clearance above the top of the apparatus. The apparatus requires regular maintenance and inspection given its utility, inclusive of equipment/components at the top of the apparatus. Therefore, the relevant party(ies) must take into consideration the presence of the apparatus in the bay, as well as the knowledge of its utility and required maintenance, and must therefore design and install the fan at sufficient clearance for AFD personnel to safely and properly perform their required maintenance and inspections of the apparatus.

Failure to take this into consideration presented an unreasonably hazardous condition. Further, ignoring such safety considerations, creating a hazard, relying on others to make your deficiencies safe, and relying on lesser levels of the hierarchy of controls is unacceptable for a licensed engineer. A licensed engineer should always try to eliminate a hazard or hazards by employing the most effective means possible. In this case, the most effective means would, in accordance with the hierarchy of controls, be the elimination of the potential hazard. Thus, had the subject fan been installed with safe clearances, the subject incident would not have occurred. This was the simplest and most effective means possible and the one that absolutely eliminates the hazard. Further emphasis to this point is the reported fact that the fans have since been raised at AFD Station 51, thereby eliminating this hazard, which should have occurred from initial construction.

22

Id.

Mr. Darville explained in detail how there were engineering deficiencies

with respect to placement of the ceiling fan.

Professional engineers are hired for their expertise and owe a responsibility to "protect the public [such as Mr. Miramon] health, safety, and welfare." The relevant party(ies) had a responsibility to exercise reasonable care in the exercise of their work in connection with the apparatus bay design and placement of the subject ceiling fan.

For personnel of the relevant party(ies) related to the designed location, placement, and/or installation of the subject ceiling fan who were licensed professional engineering or whose work was required to be performed by licensed professional engineers, there was a responsibility to be properly licensed and qualified as engineers. The purpose of licensing and qualifying engineers is to "protect the public health, safety, and welfare." Tex. Occupations Code 1001.004.

As licensed engineers, the relevant party(ies) failed to design AFD Station 51 in a safe condition (specifically regarding placement of the subject ceiling fan), failed to install the ceiling fan at issue in a safe manner and location, failed to construct AFD Station 51 in a safe manner (specifically regarding placement of the subject ceiling fan), failed to adequately inspect AFD Station 51 for dangerous/hazardous conditions, failed to adequately warn of any such dangerous/hazardous conditions, failed to remedy and/or retrofit any dangerous/hazardous conditions that they created/discovered, and/or violated applicable government regulations, laws, rule, and/or industry standards.

Based upon the facts discussed above in this certificate, it is my opinion that the relevant party(ies) failed to exercise reasonable care as well as meet the standard of care for licensed engineers for the reasons articulated herein where work was performed by

23

a licensed engineer. Those breaches causally contributed to the incident involving Mr. Miramon.

(CR 20).

PGAL made <u>evidentiary</u> arguments claiming that it only provided architectural services for the Fire Station project. (RR 7, 8, 10 and 11; CR 119 – 238). The Miramons made an extensive objection to this evidence and PGAL's evidentiary arguments pointing out that the Certificate of Merit process does not involve or permit the consideration of PGAL's evidence. (CR 338 – 343).

PGAL never responded to this objection by the Miramons and the trial court sustained the Miramons' objection. (CR 372 – 373). PGAL did not make any objection to the exclusion of this evidence.

Appellant PGAL argued at ¶ 3.1 of its motion to dismiss that "Plaintiffs were required to file a certificate of merit of a licensed professional who holds the same professional license or registration as PGAL within their Original Complaint." (CR 113). The Miramons did. PGAL is an engineering firm and the Miramons filed with their Original Petition a Certificate of Merit from an engineer, which was not challenged by PGAL. (CR 18 – 24). These facts demanded that the motion to dismiss be denied by the trial court. The trial court decision should be affirmed on interlocutory appeal.

## SUMMARY OF RESPONSIVE ARGUMENTS

PGAL, Inc. admits that it "is a design firm which specializes in architecture, <u>engineering</u>, interior design, and planning." Motion to Dismiss, ¶ 1.1 (emphasis supplied). (CR 111). <u>See</u> <u>also</u> RR 7 (Counsel for PGAL – While PGAL was a large firm that offers engineering …. services …"). Relying on evidence from a principal of PGAL, PGAL argued that "because PGAL provided <u>architectural</u> services to the project at issue of this lawsuit, and Plaintiffs did not file the statutorily required certificate of merit for a licensed architect, pursuant to Chapter 150 of the Texas Civil Practice and Remedies Code, Plaintiffs' claims against PGAL must be dismissed as a matter of law …" (CR 113). Motion to Dismiss, ¶ 1.6 (emphasis in original).

The motion to dismiss argument lacks merit. The Miramons' claims against Appellant PGAL could not be dismissed because Appellant PGAL is an engineering firm and the Miramons filed an unchallenged Certificate of Merit from an engineer. (CR 18 – 24).

Appellant PGAL is a licensed engineering firm; the Miramons identified Appellant PGAL as "Tx Engineering Firm No. 2742" in the Certificate of Merit of Shane M. Darville, P.E. that accompanied their Original Petition. (CR 19). Mr. Darville is a licensed engineer. (CR 18, 21 – 24). Appellant PGAL <u>does</u> <u>not</u> challenge the sufficiency of the Miramons' engineer Certificate of Merit.

25

Appellant PGAL simply argues that it is entitled to dismissal because the Miramons did not file a Certificate of Merit from a licensed architect.

That argument fails for multiple reasons and was correctly rejected by the trial court:

a)     The Miramons properly pleaded claims arising from Appellant PGAL's provision of professional engineering services and supported those properly pleaded claims with a certificate of merit from a licensed professional (an engineer) that attested to Appellant PGAL's professional errors and omissions and the factual basis of same. Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887, 894 (Tex. 2017);

b)     The Miramons satisfied their threshold/"outset of litigation" burden to demonstrate that their claims are not frivolous and should "proceed in the ordinary course of to the next stages of litigation." LaLonde v. Gosnell, 593 S.W.3d 212, 216 (Tex. 2019); CBM Eng'rs, Inc. v. Tellepsen Builders, L.P., 403 S.W.3d 339, 346 (Tex. App. – Houston [1st Dist.] 2013, pet. denied);

c)     The "no certificate of merit from a licensed architect" argument made by Appellant PGAL improperly relies on disputed fact issues and evidence outside of the allegations of the Miramons' petition and the definition of the practice of engineering in the Texas Occupants Code, and

d)     While the "evidence" presented by Appellant PGAL could not be considered in resolving the motion to dismiss, and the Miramons' objection to same was properly sustained, Appellant PGAL's evidence reflects factual issues of PGAL providing engineering services and non-architecture services that preclude dismissal of the Miramons' claims.

The Miramons' claims against Appellant PGAL are not frivolous and cannot be dismissed. Appellant PGAL made evidentiary merits-based

26

arguments that are improper at the motion to dismiss stage and contrary to Texas law and were correctly rejected by the trial court. Appellant PGAL's motion to dismiss was properly denied.

## ARGUMENT

**A.** **LOW BAR AND SECTIONS 1001.0031 AND 1051.0016 OF TEXAS OCCUPATIONS CODE** (Responsive to PGAL's Brief of Appellant, pp. 15 – 17)

Recently, the Fort Worth Court of Appeals discussed Chapter 150 motions to dismiss and certificates of merit in Halff Associates, Inc. v. Jacob & Martin, LLC, No. 02-24-00439-CV, 2025 WL 1536392 at * 3, 4 (Tex. App. – Fort Worth May 29, 2025, pet. denied) (mem. op.), as follows:

> The purpose of a certificate of merit under Section 150.002 "is to provide a basis for the trial court to determine merely that the [claimant's] claims are not frivolous" so the claimant may "proceed in the ordinary course to the next stages of litigation." CBM Eng'rs, Inc. v. Tellepsen Builders, L.P., 403 S.W.3d 339, 346 (Tex. App. – Houston [1st Dist.] 2013, pet. denied) (op. on reh'g); see T & T Eng'g Servs., Inc. v. Danks, No. 01-21-00139-CV, 2022 WL 3588718, at * 3 (Tex. App. – Houston [1st Dist.] Aug. 23, 2022, pet. denied) (mem. op.) (citing CBM Eng'rs, Inc., 403 S.W.3d at 346). The threshold for compliance with the certificate-of-merit requirement is low. As noted by the Supreme Court, "Chapter 150 requires only that a similarly licensed professional, knowledgeable of the defendant's area of practice, provide a sworn written statement certifying that the defendant's professional actions or omissions were negligent or otherwise erroneous and the factual basis for such claims." Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp., 520 S.W.3d 887, 897 (Tex. 2017) (emphasis added).

■ ■ ■

[T]he bar to surviving a motion to dismiss under Chapter 150 has been set very low.

Appellant PGAL is a Texas engineering firm and the Miramons filed a Certificate of Merit from a similarly licensed engineer. (CR 18 – 24). Section 1001.0031 of the Texas Occupations Code is entitled "Practices of Engineering and Architecture". Section 1051.0016 of the Texas Occupations Code is entitled "Practices of Architecture and Engineering". Sections 1001.0031(d) and 1051.0016(b) explain that the preparation of engineering and architectural plans and specifications for various tasks is within the scope of practice of both engineering and architecture. Sections 1001.0031(d) and 1051.0016(b) state:

> (b)    The preparation of [engineering and architectural plans] and specifications for the following tasks is within the scope of practice of both engineering and architecture:
>
>    (1)    site plans depicting the location and orientation of a building on the site based on:
>
>       (A)    a determination of the relationship of the intended use with the environment, topography, vegetation, climate, and geographic aspects; and
>
>       (B)    the legal aspects of site development, including setback requirements, zoning and other legal restrictions, and surface drainage;
>
>    (2)    the depiction of the building systems, including structural, mechanical, electrical, and plumbing systems, in:

28

(A) plan views;

(B) cross-sections depicting building components from a hypothetical cut line through a building; and

(C) the design of details of components and assemblies, including any part of a building exposed to water infiltration or fire-spread considerations;

(3) life safety plans and sheets, including accessibility ramps and related code analyses; and

(4) roof plans and details depicting the design of roof system materials, components, drainage, slopes, and directions and location of roof accessories and equipment not involving structural engineering calculations.

Sections 1001.0031(e) and 1051.0016(c) further provide as follows:

(c) The following activities may be performed by either an engineer or an architect:

(1) programming for construction projects, including:

(A) identification of economic, legal, and natural constraints; and

(B) determination of the scope of functional elements;

(2) recommending and overseeing appropriate construction project delivery systems;

(3) consulting with regard to, investigating, and analyzing the design, form, materials, and construction technology used for the construction,

29

enlargement, or alteration of a building or its environment; and

(4) providing expert opinion and testimony with respect to issues within the responsibility of the engineer or architect.

Appellant PGAL is undisputedly an engineering firm. (CR 19). The Miramons provided a Certificate of Merit from a similarly licensed professional, knowledgeable of Appellant PGAL's area of practice, certifying that Appellant PGAL was negligent and the factual basis for such claim. (CR 18 – 24). The Miramons satisfied the threshold low bar for Chapter 150 certificate of merit compliance. The motion to dismiss was meritless and correctly denied.

**B. STANDARDS GOVERNING CHAPTER 150 MOTIONS TO DISMISS**
(Responsive to PGAL's Brief of Appellant, pp. 18 – 24)

The First Court of Appeals recently discussed the Chapter 150 motion to dismiss process, emphasizing that the only purpose of the certificate of merit is to show that the plaintiff's claims are not frivolous so plaintiff may proceed in the ordinary course to the next stages of litigation. The First Court of Appeals further emphasized that the accuracy of the opinions in the certificate of merit and the reliability of those opinions are not pertinent to the sufficiency of the certificate of merit for purposes of defeating the motion to dismiss.

In <u>Bratton v. Pastor, Behling & Wheeler, L.L.C.</u>, No. 01-23-00015-CV, 2024 WL 1662391 at * 4 – 5, 11 – 12 (Tex. App. – Houston [1st Dist.] April 18, 2024, pet. denied) (mem. op.), the Court of Appeals explained as follows:

> When a plaintiff sues for damages arising out of the provision of professional services by a licensed or registered professional, Section 150.002(a) of the Texas Civil Practice and Remedies Code requires the plaintiff to file a certificate of merit with the petition. Tex. Civ. Prac. & Rem. Code § 150.002(a). The certificate of merit must be an affidavit from a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who (1) is competent to testify, (2) holds the same professional license or registration as the defendant, (3) practices in the area of practice of the defendant, and (4) offers testimony based on the person's knowledge, skill, experience, education, training, and practice. <u>Id</u>.

> The certificate of merit need not address the elements of the plaintiff's various theories or causes of action. <u>Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.</u>, 520 S.W.3d 887, 894 (Tex. 2017). "The statute instead obligates the plaintiff to get an affidavit from a third-party expert attesting to the defendant's professional errors or omissions and their factual basis." <u>Id</u>. The trial court then determines whether the certificate sufficiently demonstrates that the plaintiff's petition is not frivolous. <u>Id</u>.

> The purpose of Section 150.002 is to deter plaintiffs from filing frivolous claims by identifying and disposing of such claims at the outset of litigation. <u>See</u> <u>LaLonde v. Gosnell</u>, 593 S.W.3d 212, 216 (Tex. 2019) ("The certificate-of-merit requirement is a substantive hurdle that helps ensure frivolous claims are expeditiously discharged."). The function of a certificate of merit "is to provide a basis for the trial court to determine merely that the plaintiff's claims are not frivolous" and thus the plaintiff may "proceed in the ordinary course to the next stages of litigation." <u>CBM Eng'rs, Inc. v. Tellepsen Builders, L.P.</u>, 403 S.W.3d 339, 346 (Tex. App. – Houston [1st Dist.] 2013, pet. denied).

31

Id. at * 4 – 5.

Continuing, the Court of Appeals stated:

But at this preliminary stage, a plaintiff is not required to marshal its evidence or provide the full range of information a defendant is entitled to obtain through formal discovery. See Melden & Hunt, Inc., 520 S.W.3d at 896 – 97; Dunham Eng'g, Inc. v. Sherwin-Williams Co., 404 S.W.3d 785, 795 (Tex. App. – Houston [14th Dist.] 2013, no pet.) (stating "at the certificate-of-merit stage, before discovery and before other dispositive motions are available, the plaintiff is not required to fully 'marshal his evidence' "); CBM Eng'rs, 403 S.W.3d at 346 ("The statute does not require a plaintiff to marshal his evidence or provide the full range of information that the defendant is entitled to obtain through formal discovery."). Rather, Section 150.002 "reflects a legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit." M-E Eng'rs, Inc. v. City of Temple, 365 S.W.3d 497, 504 (Tex. App. – Austin 2012, pet. denied).

Id. at * 5.

The Chapter 150 motion to dismiss process occurs before discovery and before the defendant is required to file an answer. It is not a summary judgment proceeding and cannot be attacked on factual sufficiency and legal sufficiency grounds.

The question before the trial court and before us on appeal is only whether Dr. Bedient's certificate of merit complied with Section 150.002(a). The accuracy of Dr. Bedient's opinions and the reliability of his foundational materials do not impact the sufficiency of his certificate of merit under Section 150.002, which a plaintiff must file at the onset of litigation before any discovery has occurred. Rather, such arguments, which ERM and PBW are not foreclosed from making in the future, are more appropriately raised in a motion for summary judgment or motion

32

to exclude expert testimony. See CBM Eng'rs, 403 S.W.3d at 346 (stating Section 150.002 does not "foreclose the defendant from later challenging the sufficiency of the plaintiff's evidence or the admissibility of an expert's opinion, such as by filing a motion to exclude expert testimony or a motion for summary judgment")

■ ■ ■

Further, as we have explained, the accuracy of Dr. Bedient's assertions and the appropriateness of his source material is not relevant at this initial stage of the litigation and may be raised later. See generally CBM Eng'rs, 403 S.W.3d at 346 (stating Section 150.002 does not "foreclose the defendant from later challenging the sufficiency of the plaintiff's evidence or the admissibility of an expert's opinion, such as by filing a motion to exclude expert testimony or a motion for summary judgment"); T & T Eng'g Servs., 2022 WL 3588718, at * 10 (holding certificate of merit sufficient for purposes of Section 150.002 and stating defendant could challenge sufficiency of plaintiff's evidence and admissibility of expert's opinion later in litigation).

Id. at * 11 – 12.

Appellant PGAL did not challenge the sufficiency of the Miramons' Certificate of Merit authored by Shane M. Darville, P.E. (CR 111 – 118). Nor did Appellant PGAL challenge Darville's qualifications. Id. This complete failure by Appellant PGAL to challenge the Certificate of Merit demanded denial of the motion to dismiss. The argument that the Miramons failed to file a Certificate of Merit from a licensed architect availed Appellant PGAL nothing because PGAL is an engineering firm and the Miramons filed a Certificate of Merit from an engineer. The Miramons' claims could not be dismissed.

33

**C. PGAL MAKES A MERITLESS AND IMPROPER "NO CERTIFICATE ARGUMENT" BASED ON EVIDENCE** (Responsive to PGAL's Brief of Appellant, pp. 24 – 37)

Appellant PGAL relied on <u>merits</u> evidence in its motion to dismiss, attaching the Affidavit of Christopher Ruebush, a principal of Appellant PGAL and a Design-Builder Agreement dated November 21, 2019. (CR 119 – 234). This evidence was improper and the Miramons properly objected to the trial court's consideration of such evidence. (CR 338 – 343). The trial court correctly excluded this evidence. (CR 372 – 374).

Texas cases consistently state that to determine whether a claimant's claims arise out of the provision of professional engineering or architectural services within the meaning of Tex. Civ. Prac. & Rem. Code Section 150.002, the trial court considers the definition of the "Practice of Engineering" and the "Practice of Architecture" in the Texas Occupations Code and the allegations from the claimant's petition. The trial court does not consider evidence.

Appellant PGAL admitted at ¶ 3.4 of the motion to dismiss that the requirement of a certificate of merit is determined "before any discovery" and courts "look to the nature of the claims as pleaded to make such determination." (CR 115). The Miramons' pleadings <u>do not</u> as PGAL claimed "clearly indicate the Plaintiffs' claims arise out of the architectural services

provided by PGAL for the building of the Project at issue in this lawsuit." (CR

116). Motion to Dismiss, ¶ 3.6. Appellant PGAL can only make the

"architectural services" argument by relying on evidence, which is contrary

to multiple Courts of Appeals, including the Third Court of Appeals.

## 1.    Third Court of Appeals

Tucker Engineering, Inc. v. Temperley, No. 03-21-00565-CV, 2022 WL 17684036 at * 4 (Tex. App. – Austin Dec. 15, 2022, no pet.) (mem. op.) ("To determine whether section 150.002 applies, 'one must examine the relevant acts alleged by the plaintiff in his petition' to determine whether "a claim falls within the 'provision of professional services.'" Marquez v. Calvo, No. 03-18-00597-CV, 2019 Tex. App. LEXIS 5719 (Tex. App. – Austin July 10, 2019, no pet.) (mem. op.) (citing RCS Enters., LP v. Hilton, No. 02-12-00233-CV, 2013 Tex. App. LEXIS 15337 (Tex. App. – Fort Worth Dec. 19, 2013, no pet.) (mem. op.)); see TDIndustries, Inc. v. Citicorp N. Am., Inc., 378 S.W.3d 1, 6 (Tex. App. – Fort Worth 2011, no pet.) (noting that 'statute itself contemplates that the determination of whether a certificate of merit is required is determined at the time the claim is filed, before any discovery,' and with that in mind, concluding that 'proper approach when determining whether a certificate of merit is required is to look solely at the pleadings to determine the nature of the claim').")

Marquez v. Calvo, No. 03-18-00597-CV, 2019 WL 2998584 at * 1 (Tex. App. – Austin July 10, 2019, no pet.) (mem. op.) ("To determine whether a claim falls within the 'provision of professional services,' one must examine the relevant acts alleged by the plaintiff in his petition.")

## 2.    First Court of Appeals

In re Channelview Flooding Litigation, No. 01-22-00946-CV, 2024 WL 5249085 at * 6 (Tex. App. – Houston [1st Dist.] Dec. 31, 2024, pet. denied) (mem. op.) ("Courts determine Section

35

105.002's application from a plaintiff's pleading – not from the defendant's answer or motion. Id §§ 150.002(a) (requiring filing of certificate of merit "with the complaint"); .002(d) (excusing defendant from answering until 30 days after certificate of merit is filed); TDIndus., 378 S.W.3d at 6 ("[T]he determination of whether a certificate of merit is required is determined at the time the claim is filed, before any discovery."). … We conclude that the plaintiffs' claims arise out of the provision of professional services. In doing so, we look to the definition of the "practice of engineering" in the Occupations Code and to the allegations in the plaintiffs' live pleadings when the MDL court ruled on the motion to dismiss, which are the Evans parties' third amended petition and the MDL petition.")

Costello, Inc. v. Briggs Brothers Enterprises Corporation, No. 01-23-00307-CV, 2024 WL 187435 at * 4 (Tex. App. – Houston [14th Dist.] Jan. 18, 2024, no pet.) (mem. op.) ("To determine whether a plaintiff's claim "arises out of" the provision of professional engineering services, we look to the definition of the "practice of engineering" in the Texas Occupations Code and to the allegations in the plaintiff's petition. Terracon Consultants, 2023 WL 2316351, at * 4 (citing CBM Eng'rs, 403 S.W.3d at 343); see Tex. Civ. Prac. & Rem. Code § 150.001(3) ("'Practice of engineering' has the meaning assigned by Section 1001.003, Occupations Code."); Jennings, Hackler & Partners v. N. Tex. Mun. Water Dist., 471 S.W.3d 577, 581 (Tex. App. – Dallas 2015, pet. denied) ("To determine whether and how § 150.002 applies, we consider the live pleadings when the trial court ruled on the motion to dismiss.").

Terracon Consultants, Inc. v. Northern Pride Communications, Inc., No. 01-22-00755-CV, 2023 WL 2316351 at * 4 (Tex. App. – Houston [1st Dist.] Mar. 2, 2023, no pet.) (mem. op.) ("In determining whether a plaintiff's claims 'arise out of' the provision of professional engineering services, we look at the definition of the 'practice of engineering' in the Texas Occupations Code and to the allegations in the plaintiff's petition.")

Jordan and Associates v. Wells, No. 01-14-00992-CV, 2015 WL 4591786 at * 2 (Tex. App – Houston [1st Dist.] July 30, 2015, no

36

pet.) (mem. op.) ("To determine whether a cause of action against an architectural firm is 'for damages arising out of the provision of professional services,' we compare the allegations in the petition to the definition of the practice of architecture in section 1051.001 of the Texas Occupations Code.")

Lantz v. Higgins, Inc., No. 01-14-00208-CV, 2015 WL 1501790 at * 2 (Tex. App. – Houston [1st Dist.] Mar. 31, 2015, no pet.) (mem. op.) ("In determining whether the causes of action against an architectural firm are 'for damages arising out of the provision of professional services,' we compare the allegations to the definition of the practice of architecture in Section 1051.001 of the Texas Occupations Code.")

Pelco Constructions, Inc. v. Dannenbaum Engineering Corp., 404 S.W.3d 48, 53 (Tex. App. – Houston [1st Dist.] 2013, no pet.) ("Accordingly, we must review Pelco Construction's petition to determine whether its claims of fraudulent misrepresentation requires a certificate of merit. In performing this review, we consider the live pleading on file when the trial court considered the motion.")

Carter & Burgess, Inc. v. Sardari, 355 S.W.3d 804, 810 (Tex. App. – Houston [1st Dist.] 2011, no pet.) ("In determining the nature of the party's claims within respect to Chapter 150, we must look to the allegations in the party's pleadings.")

TDIndustries, Inc. v. Rivera, 339 S.W.3d 749, 753 (Tex. App. – Houston [1st Dist.] 2011, no pet.) (("We will look to Rivera's live pleadings at the time of the motion to dismiss to determine whether Rivera's claims against TDI fall within the scope of Chapter 150.")

3.   **Second Court of Appeals**

TDIndustries, Inc. v. CitiCorp North America, Inc., 378 S.W.3d 1, 6 (Tex. App. – Fort Worth 2011, no pet.) ("With this in mind, we conclude that the proper approach when determining whether a certificate of merit is required is to look solely at the pleadings to determine the nature of the claim and not at discovery between

37

the parties.")

**4.    Fifth Court of Appeals**

TIC N. Cent. Dall. 3, L.L.C. v. Envirobusiness, Inc., 453 S.W.3d 71, 79 (Tex. App. – Dallas 2014, pet. denied) ("In determining the nature of a party's claims with respect to Chapter 150, we look to the allegations in the party's pleadings.")

JJW Development, L.L.C. v. Strand Systems Engineering, Inc., 378 S.W.3d 571, 576 – 577 (Tex. App. – Dallas 2012, pet. denied) ("We consider the live pleadings at the time of the trial court's ruling on the motion to dismiss to determine whether and how section 150.002 applies … Consequently, we review JJW and Wingfield's breach of contract claim against Strand in the third amended petition to determine whether the certificate of merit requirement in section 150.002 applies to that claim.")

**5.    Ninth Court of Appeals**

AMEC Foster Wheeler USA Corp. v. Goats, No. 09-18-00477-CV, 2019 WL 3949466 at * 3 (Tex. App. – Beaumont August 22, 2019, no pet.) (mem. op.) ("In analyzing whether claims arise out of the 'provision of professional services[,]' we look to the allegations contained in the plaintiff's pleadings.")

**6.    Thirteenth Court of Appeals**

Aran & Franklin Engineering, Inc. v. Zody, No. 13-21-00262-CV, 2022 WL 17844211 at * 2 (Tex. App. – Corpus Christi – Edinburg Dec. 22, 2022, no pet.) (mem. op.) ("'To determine whether and how § 150.002 applies, we consider the live pleadings when the trial court ruled on the motion to dismiss.' Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist., 471 S.W.3d 577, 581 (Tex. App. – Dallas 2015, pet. denied); see TDIndustries, Inc. v. Rivera, 339 S.W.3d 749, 753 (Tex. App. – Houston [1st Dist.] 2011, no pet.)")

**7.    Fourteenth Court of Appeals**

Dorsey v. Environmental Resources Management Southwest, Inc., No. 14-23-00017-CV, ___ S.W.3d ___, 2024 WL 4230031 at * 1 (Tex. App. – Houston [14th Dist.] Sept. 19, 2024, pet. filed) ("To determine whether a claimant's claims arise out of the provision of professional engineering services within the meaning of Section 150.002, we look to the definition of the "practice of engineering" in the Occupations Code and the allegations from the claimant's petition. See LJA Eng'g Inc. v. Santos, 652 S.W.3d 916, 921 (Tex. App. – Houston [14th Dist.] 2022, no pet.); see also Terracon Consultants, Inc. v. N. Pride Commc'ns, Inc., No. 01-22-00755-CV, 2023 WL 2316351, at * 4 (Tex. App. – Houston [1st Dist.] Mar. 2, 2023, no pet.) (mem. op.) ('To determine whether and how § 150.002 applies, we consider the live pleadings when the trial court ruled on the motion to dismiss.' (quotation omitted)).")

LJA Eng'g Inc. v. Santos, 652 S.W.3d 916, 921 (Tex. App. – Houston [14th Dist.] 2022, no pet.) ("When determining whether a plaintiff's claims arise out of the provision of professional engineering services within the meaning of section 150.002, we look to the definition of the practice of engineering in the Texas Occupations Code and the allegations against the engineer. Id.; see TDIndustries, Inc. v. Citicorp N. Am., Inc., 378 S.W.3d 1, 6 (Tex. App. – Fort Worth 2011, no pet.) (concluding 'that the proper approach when determining whether a certificate of merit is required is to look solely at the pleadings to determine the nature of the claim and not at discovery between the parties').")

Jacobs Engineering Group, Inc. v. Elsey, 502 S.W.3d 460, 465 (Tex. App. – Houston [14th Dist.] 2016, no pet.) ("To resolve this issue, we must determine whether the plaintiffs' gross negligence claims, as pleaded, 'aris[e] out of the provision of professional services by a licensed or registered professional' so as to require a certificate of merit.").

Applying the proper test, the Miramons' claims against Appellant PGAL arise out of the provision of professional engineering services within the

39

meaning of Section 150.002 of the Texas Occupations Code based on the definition of the practice of engineering in the Occupations Code and the allegations in the Miramons' petition. Appellant PGAL does not and cannot argue otherwise. There is no pleading or reference to architectural services or providing architectural services by Appellant PGAL that would obligate the Miramons to provide a certificate of merit from a licensed architect. There are only references to PGAL's status as an engineering firm and the engineering Certificate of Merit. (CR 4 – 25).

Undisputedly, pursuant to well-established Texas law, to determine whether the Miramons were required to file a Certificate of Merit, the trial court considers only the allegations made in the Miramons' petition and the definition of the "practice of engineering" in the Occupations Code. Appellant PGAL relied upon factually disputed evidence, attachments and supporting documents that were not the pleading allegations and were not the definitions in the Occupation Code. (CR 111 – 238). The Miramons objected to consideration of such evidence, attachments and supporting documents that were outside of the pleading allegations and definitions of the Occupations Code, moved to strike such documents, and requested that the trial court not consider such evidence, attachments and supporting documents in deciding whether the Miramons were required to file a

40

certificate of merit from a licensed architect. (CR 343). PGAL did not respond to this objection. The trial court correctly excluded the evidence. (CR 373 – 374).

On appeal, PGAL now makes a 7 page argument citing to 17 cases arguing that the trial court improperly refused to consider PGAL's evidence. PGAL Brief of Appellant, pp. 24 – 31.

PGAL simply ignores the directives of the numerous cases cited by the Miramons that preclude the consideration of the factually disputed evidence that PGAL offered and the merits/summary judgment arguments made by PGAL. Instead, PGAL relies on authorities that have no application to the issues in this case before this Court on interlocutory appeal. PGAL cites on page 25 of its Brief to Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd, 514 S.W.3d 487, 494 (Tex. 2017), for the proposition that record sources may be considered to determine the expert's familiarity or experience with the practice area at issue. The practice area at issue is engineering and PGAL does not challenge Darville's familiarity or experience in engineering. (RR 16).

In Jacobs Field Serv N. Am., Inc. v. Willeford, No. 01-17-00551-CV, 2018 WL 3029060 at * 8 (Tex. App. – Houston [1st Dist.] June 19, 2018, no pet.) (mem. op.), cited by PGAL on page 25 of its Brief, the case involved

41

computer programming, design and installation. The engineer that filed the Certificate of Merit did not have engineering expertise in such issues. Here, PGAL did not challenge Shane M. Darville's engineering expertise. (RR 16).

PGAL materially misstates on pages 25 – 26 of its Brief the discussion in Certain Underwriters at Lloyds of London v. Mayse & Associates, Inc., 635 S.W.3d 276, 289 (Tex. App. – Corpus Christ – Edinburg 2021, pet. denied), about the Supreme Court's Levinson's decision. The Court of Appeals stated the Supreme Court implicitly identified the source for ascertaining the practice area at issue in the litigation by "a review of the plaintiff's petition."

Janis Smith Consulting, LLC v. Rosenberg, No. 03-23-00370-CV, 2024 WL 4750757 at * 2 (Tex. App. – Austin Nov. 6, 2024, pet. denied) (mem. op.), cited on pages 26 – 27 of PGAL's Brief, is an engineering case where the engineer defendant challenged the qualifications of the author of the Certificate of Merit on grounds he did not practice in the area of practice of the engineer defendant. PGAL did not challenge Mr. Darville's qualifications. (RR 16).

Aran & Franklin Eng'g, Inc. v. Zody, No. 13-24-00180-CV, 2025 WL 866855 at * 4 (Tex. App. – Corpus Christi – Edinburg Mar. 20, 2025, pet. filed) (mem. op.) and Eric L. David Eng'g, Inc. v. Hegemeyer, No. 14-22-00657-CV, 2023 WL 8270984 at * 3 (Tex. App. – Houston [14th Dist.] Nov.

42

30, 2023, no pet.) (mem. op.), cited on page 27 of PGAL's Brief involved practice area challenges which PGAL did not make in this case. (RR 16).

On page 28 of its Brief, PGAL makes a statement that defeats its trial court error argument. PGAL says: "And while it is true that the trial court looks at the pleadings and Occupation Code, appellate courts do not restrict trial courts to such a limited review." Since what the trial court did here is correct according to PGAL's admission, PGAL cannot show abuse of discretion especially where it never challenged the Miramons' objection.

PGAL cites to no case that permits the sued professional to challenge a Certificate of Merit based on disputed factual/summary judgment evidence. The Chapter 150 motion to dismiss process is not a summary judgment procedure and occurs <u>before</u> discovery and <u>before</u> answer.

**D.   THE NO CERTIFICATE ARGUMENT IS MERITLESS** (Responsive to PGAL's Brief of Appellant, pp. 37 – 40)

PGAL materially mischaracterizes the contentions made by the Miramons and Texas law applicable to them. Contrary to PGAL's argument on page 37 of its Brief, the Miramons do not and have not argued that a Certificate of Merit from an engineer is sufficient with respect to an architect; nor have they argued that a Certificate of Merit from an architect is sufficient with respect to an engineer. The issue here is simple. PGAL is a registered <u>engineering</u> firm and the Miramons have pleaded <u>engineering</u> deficiencies

43

and provided a Certificate of Merit from an <u>engineer</u>. (CR 4 – 25). This is precisely what is required by Chapter 150 and the cases cited by PGAL do not state otherwise.

The following chart demonstrates why the cases cited by PGAL are inapposite to the facts in this case.

| <u>Gignac & Associates, LLP, v. Hernandez</u>, No. 13-17-00336-CV, 2018 WL 898144 (Tex. App. – Corpus Christi-Edinburg Feb. 15, 2018, no pet.) (mem. op.)<br><br>Gignac was an architectural firm. Certificate of Merit filed by engineer. | <u>Kayne Anderson Capital Advisors, L.P. v. Hill & Frank, Inc.</u>, 570 S.W.3d 884 (Tex. App. – Houston [1st Dist.] 2018, no pet.)<br><br>Hill & Frank is a registered architectural firm and its principals are licensed architects. Certificate of Merit was from engineer. | <u>Jennings Hackler & Partners, Inc. v. North Texas Municipal Water District</u>, 471 S.W.3d 577 (Tex. App. – Dallas 2015, pet. denied)<br><br>Jennings was licensed architect. Certificate of Merit was from engineer. | PGAL is a Texas engineering firm. The Miramons filed a Certificate of Merit from an engineer. (CR 4 – 25). |
|---|---|---|---|

**E.     PGAL IS AN ENGINEERING FIRM; THE MIRAMONS' CLAIMS ARE SUPPORTED BY A CERTIFICATE OF MERIT FROM AN ENGINEER AND CANNOT BE DISMISSED**

Even if this Court were to consider Appellant PGAL's excluded evidence, which it cannot, that evidence does not demonstrate that the Miramons were required to file a Certificate of Merit from a licensed architect. The Affidavit of Christopher Ruebush says that PGAL "specializes in …. engineering." (CR 119). The excluded Design-Builder Agreement states that PGAL shall retain as consultants a structural engineer, a mechanical

44

engineer, an electrical engineer, and a civil engineer. (CR 146). The various engineers and engineering companies are identified as follows:

**SUBCONSULTANT – Encotech**

| | |
|---|---|
| Supervisory Engineer VI | $201.56 |
| Managing Engineer I | $163.98 |
| Engineer in Training II | $103.58 |
| Engineering Technician V | $98.50 |
| Administrative Assistance IV | $61.57 |

**SUBCONSULTANT – PE Structural**

| | |
|---|---|
| Managing Engineer IV | $196.63 |
| Supervisory Engineer IV | $155.59 |
| Professional Engineer I | $113.16 |
| Engineer in Training II | $101.86 |
| Engineer in Training I | $90.53 |
| Supervisory CADD V | $141.46 |
| CADD Technician II | $64.73 |
| Administrative Assistant I | $45.81 |

**SUBCONSULTANT – GarzaEMC**

| | |
|---|---|
| Senior Vice President Key Personnel | $264.83 |
| Supervisory Engineer, Engineer III | $182.64 |
| Professional Engineer I | $128.88 |
| Engineer in Training I | $103.02 |
| CADD Technician I | $83.71 |

(CR 146, 167).

The Agreement obligates PGAL to provide Construction Procurement Services and Construction Contract Administration Services. (CR 150). PGAL was paid for the costs of the consulting engineers discussed  and identified above. (CR 146, 167). The Design-Build Agreement defines "Design Consultant" as "a qualified, licensed design professional or an entity

45

employing or consisting of a qualified, licensed professional." (CR 173). This definition includes engineers and there are specific provisions relating to work to be performed by these engineers/Design Consultants. (CR 150, 163 –166).

The Third Court of Appeals has expressly considered and recognized that claims may be asserted against an architect that do not require a Certificate of Merit from a licensed architect and may not be dismissed. In Marquez v. Calvo, No. 03-18-00597-CV, 2019 WL 2998584 at * 1 – 2 (Tex. App. – Austin July 10, 2019, no pet.) (mem. op.), the Third Court of Appeals stated:

> Calvo filed a petition in intervention in Marquez's suit against CBA, a construction company, and Jeffery Baessler, CBA's principal, pending in Travis County. Upon agreement of the parties, the district court severed Calvo's claims into the instant lawsuit. By his petition, Calvo claimed damages arising from the negotiations, contracting, and construction of his house at 12812 Hacienda Ridge in Austin. Calvo sued the builder with which he contracted, CBA, Baessler, and Marquez, the project's architect. Calvo alleged that Marquez and Baessler represented themselves as a "team" in their operations.
>
> ■ ■ ■
>
> On appeal, Marquez asserts that the district court erred in not dismissing the suit because Calvo sought damages arising out of the provision of professional services by a licensed architect and did not file a certificate of merit. In defense of the district court's order, Calvo maintains that he did not sue for damages arising out of Marquez's provision of professional services. We agree with Calvo.

46

■ ■ ■

To determine whether a claim falls within the "provision of professional services," one must examine the relevant acts alleged by the plaintiff in his petition. See RCS Enters., LP v. Hilton, No. 02-12-00233-CV, 2013 WL 6795390, at * 5 (Tex. App. – Fort Worth Dec. 19, 2013, no pet.) (mem. op.). Calvo sued CBA, Baessler, and Marquez for damages asserting claims against them, as a team, for negligence, negligent misrepresentation, common law fraud, fraud in a real-estate transaction, breach of contract, breach of warranty, trust-fund violations, and violations of the Deceptive Trade Practices Act.

In his petition, Calvo listed twelve "material representations" made by the "team," two of which did involve Marquez's status as an architect. But nowhere in the petition did Calvo seek damages arising out of Marquez's provision of architectural services. Rather, as we understand, the claimed factual basis underlying Calvo's theories of recovery were that CBA, Baessler, and Marquez: (1) diverted funds ($34,500) from the Calvo Project to other unrelated CBA and Marquez jobs; (2) habitually overcharged Calvo for work and materials; (3) provided false information to Calvo concerning the Calvo project; (4) allowed construction delays; and (5) did not complete construction of the house.

None of Calvo's theories of recovery are based on Marquez's status as an architect or on any architectural services rendered. It is true that Calvo's petition identified Marquez as the architect in the Calvo Project. Calvo, however, did not contract with Marquez to provide architectural services. Rather, Calvo's petition represented Marquez as being a member of the construction team Calvo engaged when he contracted with CBA to build his house. In sum, Calvo's complaint was not about Marquez as an architect or his architectural plans for the house; rather it was about the manner in which the "team" executed those plans; hence Texas Civil Practice and Remedies Code Chapter 150 is not implicated.

47

The order of the district court denying the motion to dismiss is affirmed.

The trial court and this Court are required to "examine the relevant acts alleged by the plaintiff in his petition." Id. "None of [the Miramons'] theories of recovery are based on [PGAL's] status as an architect or any architectural services rendered." The Miramons were not required to file a Certificate of Merit from a licensed architect. Instead, the Miramons sued the Defendants, who were licensed/registered engineers, including PGAL, for engineering services performed by engineers and the Miramons presented an unchallenged Certificate of Merit from a licensed engineer. (CR 4 – 25).

## CONCLUSION AND PRAYER

Appellant PGAL, Inc.'s Motion to Dismiss was meritless and was properly denied. The evidentiary ruling was correct and was not challenged by PGAL.

Respectfully submitted,

**RAMSEY LAW GROUP**

*/s/ John C. Ramsey*
John C. Ramsey
State Bar No. 24027762
K. Grace Hooten
State Bar No. 24092980
Woodway Tower
6363 Woodway Drive, Suite 500
Houston, Texas 77057
Telephone: (713) 489-7577

48

Facsimile:  (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com

**RICK FREEMAN, P.C.**
Rick Freeman
State Bar No. 07428800
3660 Stoneridge Road, B-102
Austin, Texas 78746
Telephone: (512) 477-6111
Facsimile: (512) 473-2131
rick@freemanlaw.com

**PAUL WEBB, P.C.**

*/s/  Vincent L. Marable III*
Vincent L. Marable III
State Bar No. 12961600
221 N. Houston Street
Wharton, Texas 77488
Telephone: (979) 532-5331
Facsimile: (979) 532-2902
tripp@paulwebbpc.com

**ATTORNEYS FOR APPELLEES IAN
MIRAMON AND CAROLINE MIRAMON**

49

**CERTIFICATE OF COMPLIANCE**

This Brief of Appellees complies with the length limitations of Tex. R. App. P. 9.4(i)(2)(B) because the Brief of Appellees consists of 8,964 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).


/s/  Vincent L. Marable III
**VINCENT L. MARABLE III**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of January, 2026, a true and correct copy of the above and foregoing was sent to all the attorneys of record, in accordance with the Texas Rules of Appellate Procedure by e-file.


/s/  Vincent L. Marable III
**VINCENT L. MARABLE III**

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Vincent Marable III on behalf of Vincent Marable III
Bar No. 12961600
tripp@paulwebbpc.com
Envelope ID: 109820306
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief of Appellees Ian Miramon and Caroline Miramon
Status as of 1/8/2026 1:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michelle Koledi | 24072189 | mconner@wslawpc.com | 1/8/2026 1:35:17 PM | SENT |
| Vincent Marable | 12961600 | tripp@paulwebbpc.com | 1/8/2026 1:35:17 PM | SENT |
| Nicholas Scott | 24093965 | nscott@wslawpc.com | 1/8/2026 1:35:17 PM | SENT |
| Rick Freeman | 7428800 | rick@rickfreemanlaw.com | 1/8/2026 1:35:17 PM | SENT |
| John Ramsey | 24027762 | john@ramseylawpc.com | 1/8/2026 1:35:17 PM | SENT |
| Michael Waddell | 24042106 | bwaddell@wslawpc.com | 1/8/2026 1:35:17 PM | SENT |
| John Nugent | 24116840 | eservice@ramseylawpc.com | 1/8/2026 1:35:17 PM | SENT |
| Jeniffer Mendez | | jmendez@thompsoncoe.com | 1/8/2026 1:35:17 PM | SENT |
| Judith Ramsey | | Jramsey@thompsoncoe.com | 1/8/2026 1:35:17 PM | SENT |
| Derek Bauman | | Dbauman@thompsoncoe.com | 1/8/2026 1:35:17 PM | SENT |
| Grace Hooten | | grace@ramseylawpc.com | 1/8/2026 1:35:17 PM | SENT |